## Clader et al. *versus* Thomas et al.

A deed is in contemplation of law recorded when it is left for record in the recorder's office, and the record cannot be lost by being transcribed by the recorder or his clerk in the wrong book. Glading *v.* Frick, 7 Norris 460, followed.

March 6th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, WOODWARD, TRUNKEY and STERRETT, JJ. PAXSON, J., absent.

Error to the Court of Common Pleas of *Berks county:* Of January Term 1879, No. 209.

Ejectment by A. J. Clader and Martin S. Croll, administrators of D. Clader, deceased, and S. K. Grim, against T. Schaeffer, S. Thomas and others, to recover a tract of land in Berks county. Jacob Schaeffer devised the land in dispute to his son, T. Schaeffer,

[Clader *v.* Thomas.]

for $1200, to pay $50 per annum; the first $50 to be paid to the eldest son, the next $50 to the next child in age, and so on to each of his four children in rotation, until the $1200 had been paid. T. Schaeffer accepted the devise, and paid two of these fifty dollar instalments.

In 1861, March 25th, he conveyed to Samuel Thomas the iron ore in the premises devised to him, by an instrument of writing, which was, on the 26th of April 1862, recorded in a miscellaneous book in the recorder's office of Berks county. The said Samuel Thomas, together with James Mickley and others, defendants in this case, thereafter commenced mining iron ore on the said premises, and continued thereat from the time of commencement until some months after the bringing of the writ of ejectment in this case.

At an Orphans' Court held January 4th 1868, Joel Schaeffer, one of the executors and a legatee named in testator's will, presented his petition, setting forth the provisions of the said will, and that Tilghman Schaeffer had accepted the devise, and had paid Nathan Schaeffer $50 and Ann Fenstermacher $50; that the petitioner had received no instalment, but that there was due him, principal and interest (to date of his petition), $192.30. The petitioner therefore prayed the court to cause notice to be given to Nathan Schaeffer, executor, and Tilghman Schaeffer, the devisee, and other persons interested in said estate, and to make such decree or order touching the payment of the legacy due the petitioner as justice might require. The court awarded a citation to Tilghman Schaeffer, to appear March 5th 1868, and show cause why a decree for payment of the money due on petitioner's legacy should not be made.

On the 16th of March 1868 he filed his answer to the citation.

On the 20th of June 1868, the Orphans' Court decreed a sale of the whole of the real estate devised to Tilghman Schaeffer, clear of all legacies and encumbrances; and on December 19th 1868, it was sold by the sheriff to the plaintiffs.

At the trial, before Hagenman, P. J., the defendants offered in evidence, under exception, the instrument of writing, dated March 25th 1861, by which Tilghman Schaeffer sold the exclusive right to all the iron ore on the premises in dispute to Samuel Thomas, one of defendants; also gave in evidence notice of the existence of such instrument, which notice was read at the sheriff's sale.

The plaintiffs objected, on the ground that the deed was not properly and legally recorded. The objection was overruled by the court. The plaintiffs then proved that this agreement was not recorded in any deed or mortgage-book in the county, and that it was not entered in any deed or mortgage-index. It was shown, however, to be recorded in the miscellaneous book.

Plaintiffs' counsel requested the court to charge the jury " that plaintiffs are entitled to recover against all the defendants."

[Clader *v.* Thomas.]

The court refused so to charge, and directed the jury to find for " plaintiffs and against defendants, Tilghman Schaeffer and Moses Bortz, for so much of the premises as was not conveyed and sold to Samuel Thomas, by agreement of March 25th 1861, and in favor of Samuel Thomas, James Mickley and Patrick McCann, for all the iron ore contained in the premises described in the writ."

The jury found accordingly.

Plaintiffs took this writ, and assigned for error the admission of the above offer of evidence and the refusal to charge as requested.

*John Ralston,* for plaintiffs in error.—The deed was not properly recorded: Bolton *v.* Johns, 5 Barr 149; Goepp *v.* Gartiser, 11 Casey 133; Luch's Appeal, 8 Wright 519; Schell *v.* Stein, 26 P. F. Smith 401.

*George F. Baer,* for defendants in error.—Notice at a sheriff's sale of an unrecorded conveyance will affect a purchaser: Moyer *v.* Shick, 3 Barr 242.

The judgment of the Supreme Court was entered, March 24th 1879,

Per Curiam.—The contention of the learned counsel of the plaintiffs in error is mainly grounded on the assumption that the deed of Tilghman Schaeffer to Samuel Thomas having been recorded in the miscellaneous book in the recorder's office and not in the deed book, was not properly recorded according to Luch's Appeal, 8 Wright 519. That case, however, has been since overruled by this court in Glading *v.* Frick, 7 Norris 460, and it is now settled that a deed is in contemplation of law recorded when it is left for record in the recorder's office, and the record cannot be lost by being transcribed by the recorder or his clerk in the wrong book. Thomas being the alienee of a part of the premises devised subject to the charge, was entitled to notice of the Orphans' Court proceeding, and not having received such notice his title was not divested. He might have asked that the unaliened portion of the estate charged should be first sold, and his interest only resorted to in case the unaliened portion should prove insufficient to meet the charge. The whole was sold together—surface and iron ore—and Thomas gave notice, at the sale, of his title to the latter. There was sufficient to affect the purchaser with notice of Thomas's title by the record, without having recourse to the notice at the sale. We think the instruction of the learned court below to the jury, and the admission in evidence of the deed to Thomas were right.

Judgment affirmed.