## Paige et al. *versus* Wheeler.

1. In an action of ejectment to recover the purchase-money appearing to be due on a contract for land made between plaintiff and P. one of the defendants, the latter offered to show that the instrument, in form an agreement for the sale and purchase of the land, was in law only the defeasance of a deed absolute on its face, but in fact a mortgage executed by P. to the plaintiff, and that the sum mentioned in the contract given in evidence contained excessive and usurious interest. The court below refused to admit the evidence. *Held*, that this was error.

2. A defeasance is properly recorded in any book kept by the recorder of deeds.

3. Glading *v.* Frick, 7 Norris 460, followed.

November 24th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1878, No. 134.

Ejectment by Silas Wheeler against James B. Paige and Ezra Cooper for sixty acres of land.

At the trial defendants offered in evidence deed from James B. Paige and wife to Silas Wheeler, dated December 11th 1871; acknowledged same date; recorded in Deed Book "A," No. 4, p. 319, for the land in dispute. Also the following:

"Article of agreement made and entered into on the 12th day of December 1871, between Silas Wheeler of LeBœuf, in the county of Erie, and state of Pennsylvania, of the first part, and James B. Paige of Bloomfield, in the county of Crawford, and state of Pennsylvania, of the second part, as follows:

"The said Silas Wheeler agrees that if the said James B. Paige shall pay him, by the 12th day of December 1872, the sum of $435, and by the same day in 1873, the sum of $480, and by the same day in 1874, the sum of $381, and by the same day in 1875, the sum of $354, and by the same day in 1876, the further sum $327, and shall also pay taxes or assessments, which are or shall be assessed on the farm lying in said township of Bloomfield, which was conveyed to the said Silas Wheeler on the — day of December 1871, by the said James B. Paige and Cynthia Paige, his wife,

[Paige v. Wheeler.]

previous to the 12th day of December 1876, then on the foregoing conditions the said James B. Paige may have the possession of said farm and be entitled to the use, income and profits thereof, until such time as he, the said Paige, shall have failed to fulfil the foregoing conditions on his part, and immediately after all of said conditions shall have been fulfilled on the part of said Paige, the said Silas Wheeler agrees to convey the said farm to the said Paige by as good and perfect title as he has received. And the said James B. Paige agrees that he will purchase the said farm of the said Wheeler at the price and upon the terms and conditions hereinbefore stated, and that if he shall fail or neglect so to do, this agreement shall become void on the part of said Wheeler, and it is further understood and agreed between the said parties, that the foregoing agreements and stipulations shall apply to and bind the heirs, executors and administrators of said parties respectively.

"In witness whereof, the said parties have hereunto interchangeably set their names and seals, on the day and year first in this instrument written.

In presence of      }          SILAS WHEELER, [SEAL.]
F. E. TUCKER.       }          JAMES B. PAIGE, [SEAL.]
(Rev. Stamp.)

"Payments:

| On the 12th day of December | 1872, | $435.00 |
| " " " " | 1873, | 408.00 |
| " " " " | 1874, | 381.00 |
| " " " " | 1875, | 354.00 |
| " " " " | 1876, | 327.00 |

$1905.00

"October 9th 1872, received the first payment mentioned this contract in a note executed by Fisher and Paige.

SILAS WHEELER.

"COUNTY OF CRAWFORD, SS:

(Seal.)          Recorded in Agreement Book B, page 599. Witness my hand and official seal at Meadville, Pennsylvania, December 12th 1871.

A. M. SMITH,
Recorder.

"This agreement is cancelled and annulled by the execution of another agreement between the undersigned extending the time of payment, and the said James B. Paige agrees to cancel this agreement on the records at Meadville.

October 24th 1873.          SILAS WHEELER.
JAMES B. PAIGE.

"In connection with the deed offered in evidence from Paige to Wheeler for the land in question, for the purpose of showing that

[Paige *v.* Wheeler.]

such a deed was a mortgage. To be followed by other evidence in the case showing that, at the date of the deed, Paige obtained a loan from Wheeler and secured him for the same by conveyance of the land, taking back at the same time the article of agreement mentioned in this offer above. To be followed by evidence that the deed from Paige to Wheeler was given to secure a loan, that Paige has continued in occupancy of the land ever since. To be followed by the records, showing that these articles of agreement are improperly recorded. This to be again followed by evidence that Ezra Cooper obtained a judgment, to No. 1042, August Term 1874, in the Court of Common Pleas of Crawford county, against James B. Paige. That afterwards the land in dispute was sold at sheriff's sale, by execution issued upon this judgment, and purchased by Cooper, and that the article offered in evidence by the plaintiff, and upon which he seeks to recover, was a substitute for the one of December 11th 1871, embraced in this offer."

By the court.—Offer overruled, because it is not responsive to the plaintiff's claim—it being an equitable ejectment to recover a balance of purchase-money due. (First assignment of error.)

Defendants also offered to prove that there was included in the consideration mentioned in the contract, offered in evidence by plaintiff, excessive and usurious interest, amounting to nine per cent. per annum ; that the deed was given to secure the loan of $1500, and that the balance was usury. Offer overruled. (Second assignment.)

The jury found " for the plaintiff the land described in the writ, to be released upon the payment of $1458.59, with interest from this date, to be paid in three equal payments in six, twelve and twenty-four months respectively from this date, with costs."

After the entry of judgment, on this verdict, defendants took this writ, assigning for error the rejection of the evidence in the foregoing offers.

*Wm. R. Bole* and *J. W. Sproul,* for plaintiffs in error.—Where a deed absolute and a defeasance are executed or agreed upon at the same time, and the deed alone is recorded, the two instruments have the effect of an unrecorded mortgage and are postponed to a judgment of subsequent date; Corpman *v.* Baccastow and Wagner, 3 Norris 363; Friedley *v.* Hamilton, 17 S. & R. 70 ; Kerr *v.* Gilmore, 6 Watts 405 ; Jaques *v.* Weeks, 7 Id. 261 ; Wilson *v.* Schoenberger's Ex'rs, 7 Casey 295; Manufacturers' & Mechanics' Bank *v.* Bank of Pennsylvania, 7 W. & S. 335; Guthrie *v.* Kahle, 10 Wright 331 ; Reitenbaugh *v.* Ludwick, 7 Casey 131. Notwithstanding the Act of 1866, an absolute deed can be shown by parol to have been a mortgage : Maffitt's Adm'rs et al. *v.* Rynd et al., 19 P. F. Smith 380 ; Kunkle *v.* Wolfersberger, 6 Watts 126; Kerr *v.* Gilmore, Id. 405 ; Brown *v.* Nickle, 6 Barr 390.

[Paige *v.* Wheeler.]

The deed and defeasance of Wheeler were an unrecorded mortgage, for the reason, that both papers were not recorded in the mortgage-book. The first agreement or defeasance, could not legally be recorded, as it was not acknowledged. It was, however, recorded in the agreement-book, while the deed was recorded in the deed-book. This did not make it a recorded mortgage : McLanahan *v.* Reeside, 9 Watts 508 ; Luch's Appeal, 8 Wright 519. An unrecorded mortgage is postponed to a subsequent judgment : Burke *v.* Allen, 3 Yeates 359 ; Semple *v.* Burd, 7 S. & R. 290 ; Friedley *v.* Hamilton; 17 Id. 70 ; Jaques *v.* Weeks, 7 Watts 261 ; Hibberd *v.* Bovier, 1 Grant 266. The second agreement, the one offered in evidence by plaintiff, was not recorded until over three years after the recording of the deed. Then it was recorded in the agreement-book. The taking of this deed and giving back the defeasance was a mortgage, and was evidently resorted to for the purpose of evading the statute against usury.

*Joshua Douglas,* for defendant in error.—An ejectment may be supported on a mortgage : Smith *v.* Shuler, 12 S. & R. 240 ; Fluck *v.* Replogle, 1 Harris 405 ; Martin *v.* Jackson, 3 Casey 504. A mortgage conveys an estate as security for the payment of a debt, and, even though unrecorded, it is good against the mortgagor himself or his alienee, or mortgagee, with actual notice or a judgment-creditor with notice, before · his debt is contracted : McLaughlin *v.* Ihmsen, 4 Norris 317 ; Britton's Appeal, 9 Wright 172 ; Nice's Appeal, 4 P. F. Smith 200 ; Tryon *v.* Munson, 27 Id. 250, 262.

Mr. Justice MERCUR delivered the opinion of the court, January 5th 1880.

This action of ejectment was brought by the defendant in error to recover the purchase-money appearing to be due on a contract for the land made between him and Paige. The object of the evidence offered by the plaintiffs in error and rejected by the court, was to show that the instrument, in form an agreement for the sale and purchase of the land, was in law only the defeasance of a deed absolute on its face, but in fact a mortgage executed by Paige to the defendant in error ; and that the sum mentioned in the contract given in evidence by the latter, contained excessive and usurious interest. The rule that a deed absolute on its face may be shown, by parol, to have been intended as a mortgage, is too well established in Pennsylvania to need the citation of authorities. If then the deed from Paige to the defendant in error was a mortgage, and the article of agreement entered into between them was intended as a defeasance, and a device to secure the payment of usurious interest, and the defendant in error now claims to

[Paige *v.* Wheeler.]

recover a sum which includes that usurious interest, the rejected evidence should have been received.

Cooper, one of the plaintiffs in error, claims title by virtue of his purchase at sheriff's sale as the property of his co-plaintiff, Paige. The judgment on which it was sold was entered after the deed from Paige to the defendant in error and after the contract of defeasance were recorded. Inasmuch, however, as the defeasance was not recorded in the mortgage-book, but in the agreement-book, it is claimed that it was improperly recorded, and, therefore, if in fact a mortgage, the sheriff's sale passed a title discharged therefrom. It may be conceded that this was the correct view under the authority of Luch's Appeal, 8 Wright 510. That case, however, has been expressly overruled by Glading *v.* Frick, 7 Norris 460. It is there held that such an instrument of writing is properly recorded in any book kept by the recorder of deeds. Cooper then bought subject to the claim of the defendant in error, conceding the conveyance to have been a mortgage. If a mortgage, the latter can recover no more than the sum loaned, which it was given to secure, with legal interest thereon. The assignments are substantially sustained.

Judgment reversed, and a *venire facias de novo* awarded.