## Stockwell *versus* McHenry.

1. The recording in the proper county of the certificate of incorporation of a company duly organized under the Act of April 21st, 1854, (prior to the passage of the Acts of March 27th, 1865, and March 18th, 1875), is constructive notice, to subsequent purchasers or mortgagees, of the conveyance to the corporation of the lands described in the certificate, whether the names of the individual grantors have been indexed in the recorder's office or not.

2. A. and B., tenants in common of certain lands, were two of the corporators of a joint stock company organized under the Act of April 21st, 1854 (P. L., 437). Said lands became part of the common stock of the company, and were described in the certificate, which was duly recorded in the office of the Recorder of Deeds in Forest county, on March 26th, 1865. The names of the granting parties were not, however, entered upon the index to the record. Afterwards judgment was obtained against the incorporated company, execution thereon issued

[Stockwell *v.* McHenry.]

and the lands were sold to C. Subsequently A. and B. executed and delivered to D. a mortgage of their undivided interest in the lands mentioned in the said certificate. A scire facias having been issued on the mortgage the lands were sold under judgment and levari facias to E. who obtained possession. In an ejectment by C. against E.,

*Held,* that E. and the parties claiming under him took no title, and that the plaintiff was entitled to recover.

3. The Acts of March 27th, 1865 (P. L. 34), and March 18th, 1875 (P. L. 32), prescribing the duties of recorders of deeds as to keeping indexes, are not retrospective.

October 6th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Forest county :* Of October and November Term, 1884, No. 36.

Ejectment, by Edward O. McHenry against Mary S. Stockwell, to recover a tract of land in Forest county, containing 1096½ acres, being warrant No. 4136. The defendant filed a disclaimer of title as to the undivided one half of said premises, and as to the other undivided one half pleaded not guilty.

On the trial, before BROWN, P. J., the court directed a verdict for the plaintiff, subject to a question of law reserved. The facts were not disputed, and were stated by the court as follows :—

" Upon and before March 8th, 1865, Alexander McAndrew, Samuel Wann, Alexander R. McHenry and Edward W. Warren were tenants in common, each owning the undivided one fourth part of the tract. On the 8th March, 1865, the parties named, together with one Benjamin Orne, entered into articles of association, signed the proper certificate, and afterwards by compliance with the provisions of the Act of April 21st, 1854, were incorporated by the name of " The Forest County Oil and Mining Company," for the purpose of developing, improving and mining the tract of land in controversy, with other land. The certificate included the tract in question, No. 4136, and was duly recorded in the Recorder's office of Forest county on the 26th of March, 1865, *but was not indexed in the names of the grantors, or persons signing the same.*

" Pursuant to the Act of 7th May, 1865, letters patent were issued to the corporation by the name and style before .mentioned, the letters bearing date the 11th of April, 1865.

" On the 12th of August, 1875, Roxalina McHenry, executrix of A. R. McHenry, obtained a judgment against ' The Forest County Oil and Mining Company,' and upon executions issued on said judgment, the sheriff sold and deeded the land to the said Roxalina McHenry, from whom the plaintiff, Edward O. McHenry, showed title.

[Stockwell v. McHenry.]

"On the 29th of July, 1874, Alexander McAndrew and Samuel Wann, upon good and valuable consideration, executed a mortgage on what they recite as their undivided interest in the tract No. 4136, to William H. Stockwell. On the 22d of June, 1880, judgment on the mortgage was obtained, the interest of the mortgagors in the tract in controversy subsequently sold at sheriff's sale, and a deed to the defendant, Mary S. Stockwell, was made of date of 27th September, 1880.

"The question of law reserved is—whether the record of the articles of association transferring the title from Alexander McAndrew and Samuel Wann to The Forest Oil and Mining Company, not being indexed in the names of the grantors, is constructive notice to the mortgagee."

Verdict, accordingly, for the plaintiff, subject to said question reserved.

After argument, the court entered judgment for the plaintiff on the verdict and reserved question, BROWN, P. J., delivering the following opinion:

"Treating the certificate or articles of association as a deed of conveyance from individuals to a corporation, did the omission to index the same in the names of the grantors, McAndrew and Warren, make the record of no effect as notice to the mortgagee Stockwell. No Act of Assembly prescribes that the entry of the grantor's name in deed or mortgage book indexes shall be an essential part of the record. The Recorders of deeds and mortgages are required to keep sectum and adsectum indexes, and are subject to penalty for failure so to do. But these indexes are pointers to, and not any part of, the record, and we think that the officer is 'bound to furnish precise information, get it as he may, of every registry in his office,' whether the same does or does not appear in appropriate index.

"Clader v. Thomas, 8 Norris 345, asserts 'It is now settled that a deed is in contemplation of law recorded when it is left for record in the recorder's office.' In Brown and Wood's Appeal, 3 W. N. C. 35, the court says: "The lien of a mortgage is effectual from the time of its being left for record, and entered by the recorder upon his entry book." In Schell v. Stein, 26 P. F. S. 398, C. J. AGNEW says: 'Surely the one who has had his deed duly acknowledged or proved, recorded in the proper book, and certified under the hand and seal of office of the recorder in due form, has done all the law requires of him.' The case of Speer v. Evans, 11 Wright 141, turned wholly on the question of actual notice to Speer, and we think the remark of Chief Justice WOODWARD that the index is

an indispensable part of the recording is not to be regarded as an adjudication to that extent.

"And now December 17th, 1883, it is ordered that on payment of the jury fee judgment be entered in favor of the plaintiff on the reserved question."

The defendant took this writ of error assigning for error the said judgment.

*R. Brown*, for plaintiff in error.—Actual or constructive notice is necessary to invalidate the title of an otherwise bona fide purchaser. It must be proved that he knew exactly the state of the party having the equity when he acquired the legal title: Peebles *v.* Reading, 8 S. & R. 496. The Act of March 29th, 1827 (P. L. 156), provides that the recorder shall prepare and keep two indexes for each and every book in which deeds and mortgages may be recorded, one for the names of grantors and mortgagors, and one for the names of grantees and mortgagees. Therefore, in point of fact and utility, the index is part of the registry. The same Act requires an index called the judgment docket. It has been held under this Act that the plaintiff is bound to see that his judgment is properly entered: Wood *v.* Reynolds, 7 W & S. 406; Ridgway, Budd & Co.'s Appeal, 3 Harris 177. A fortiori, parties who claim that the registration of a deed is constructive notice to a subsequent purchaser or mortgagee, should be bound to see that the conveyance is properly indexed as required by the above Act of March 29th, 1827, as the effect of a deed, unlike the lien of a judgment, is unlimited in duration. Before the Act of March 27th, 1865, P. L. 34, it would seem that a conveyance of land by the corporators to the corporation was necessary in order to vest the title. But by the 5th section of that Act, which is supplementary to the Act of 21st April, 1854, the original Act for the incorporation of mining companies—it is enacted, "that it shall be deemed and taken to be the true intent and meaning of the Act to which this is a supplement, that the right, title, and interest of the owners in and to the lands, leasehold, or other interest mentioned and described in the certificate in writing, required by the first section of said Act, should vest in the company therein named, and without any further conveyance or assignment, and free and discharged from all claim of dower; and it shall be the duty of the Recorder of Deeds of the county in which said certificate is or shall be recorded, to enter the names of parties signing said certificate among the grantors in the index of deeds and conveyances in his office." The first section of the Act of April 21st, 1854, requires the certificate to be recorded in the office for recording of deeds, in a suitable book to be

[Stockwell *v.* McHenry.]

kept for that purpose, evidently meaning a book kept exclusively for the purpose of recording certificates or articles of association, and not the book in which deeds are registered; and for the purpose of giving information to subsequent purchasers of the existence of such a corporation, of whom it was formed, and what lands are embraced therein, the names of the parties signing said certificate, must be entered among the grantors in the index of deeds and conveyances in his office. Where then must the purchaser look for the articles of association which divests the title of the corporators, if there is no index to guide them? Not among the registrations of deeds, because the certificate is not recorded there. The only place he can acquire the information is among the registrations of articles of association,—with no guide or finger mark to indicate that the grantor in a recorded deed has parted with his title.

The same Act of 27th of March, 1865, which dispenses with a conveyance of the corporator in order to vest title in the corporation, requires the name of the corporator to be indexed among the grantors. An examination of all the indexes of deeds in Forest county, discloses the fact that the names of Alexander McAndrew and Samuel Wann are not among the grantors. What farther search is required? On the faith of what the mortgagee finds or is presumed to find, he parts with his money, and receives and records his mortgage. Is there any negligence, laches or fraud, as in Peebles *v.* Reading, imputable to him? What farther search could he make? Is he bound to look or have the Recorder look, through all the records, page by page, in the office? The remarks of READ, J, in Luch's Appeal, 8 Wr. 523, wherein he says "if it were a deed, it would be recorded in the deed book, and you would find it by examining the appropriate index," have the merit of good sense, and accord with the general practice. Although the point decided that a mortgage must be recorded in a mortgage book has been questioned in the subsequent case of Schell *v.* Stein, 26 P. F. S. 398, the remarks of Judge READ about the examination of the appropriate index are not disapproved. This last cited case merely rules that if the deed be duly recorded and indexed in the same volume, it will be constructive notice, although it be not entered in the general index book. In Speer *v.* Evans, 11 Wright 144, the mortgage was recorded, but not indexed. One question was whether the record was constructive notice to a subsequent judgment creditor, and another, whether the creditor had actual notice. Speaking of the record, WOODWARD, C. J., says: "But it was not duly indexed, and not therefore constructive notice to third parties—as a guide to inquirers, the index is an indis-

11 OUTERBRIDGE.—16

pensable part of the recording, and without it the record affects no party with notice." In Smith's Appeal, Id. 140, where the christian names of the partners were not entered or indexed, WOODWARD, C. J., says: "Actual notice of a mortgage or judgment supplies a defective or omitted index of the registry. The law requires him (the creditor), to have it (the judgment), properly docketed and indexed." The lien docket is not the *record* of judgments, but the essential index of them. It does not make a judgment, but refers to one supposed to be already made:" Per LOWRIE, C. J., in Ferguson *v.* Staver, 4 Wr. 216.

The question in Clader *v.* Thomas, 8 Norris 343, was whether the record of the instrument in the miscellaneous book was a proper recording of it. There was no objection that it was not properly indexed—the objection was that it should have been recorded in the *mortgage* book, and indexed there. The court below held that the instrument was properly recorded in the miscellaneous book, and this court affirmed the ruling. There was no question raised about the index whatever. In Glading *v.* Frick, 7 Norris 463, to which the court refers in Clader *v.* Thomas, as an authoritative precedent, PAXSON, J. says: "The instances are rare in which an Act of Assembly designates the book in which an instrument must be recorded. Where such a direction is given in a statute, its terms must be complied with or the record would be worthless. So in Brown and Wood's Appeal, 3 W. N. C. 35, another case relied upon by the court below. There the mortgage was left for record, and entered by the Recorder on his entry book, giving the names of the mortgagor, and mortgagee, the date, the place where the mortgaged premises were situated, and gave the receipt as required by section 3, Act 28 May, 1715, 1 Purd. 458, and the Act 28 March, 1820, Id. 478. This entry created the lien, and that is all that was decided in the case. It probably would be sufficient constructive notice to a purchaser because of the entry which would lead him, on inquiry, to the fact that the mortgage was left for record. Nor is the question raised here ruled by the case of Schell *v.* Stein; 26 P. F. S. 398, the other case cited by the court below, because the only question there raised, was whether an omission to index the deed on the general index docket, when it had been recorded in the deed book, and indexed therein, invalidated the instrument as against a subsequent purchaser, and the court ruled that if the instrument was recorded and indexed in the book in which the deed was registered, it was sufficient, and as there was no law which requires the Recorder to keep a general index to all the deed and mortgage books in his office, it was not necessary to index it in his general index.

All the decided cases arose under the general recording Acts. Had the Recorder certified on the instrument that it had been recorded, and had failed to record it at all or enter it on his entry book, it cannot be pretended that it would be notice to a subsequent purchaser. When the same section of the Act which dispenses with a conveyance, requires the Recorder to index the names of the corporators among the grantors of deeds, is it assuming too much to require that all its provisions be complied with in order to change the character of a bona fide, to that of a mala fide purchaser?

For neglecting any of his duties, the Recorder and his sureties are liable to the party aggrieved. Who is the party here? Not Stockwell, certainly. As McAndrew and Wann are his grantors and also some of the grantors of the Forest County Oil and Mining Company, and some of the parties in interest therein as grantees, is it requiring too much of them to hold that it is their duty, or the duty of the corporation, to see that the record of the articles is indexed in the manner provided by law, the same as creditors are bound to see that their judgments are properly indexed in the judgment index? If this rule be not applicable, then the party whose act caused the injury will be protected, and the innocent one must suffer. When the corporation had a remedy against the Recorder for his neglect of duty, and Mr. Stockwell was without redress, and the act of the corporators in signing the certificate and in not having the record properly indexed, was the cause of the injury to Mr. Stockwell, it certainly is not in accordance with justice and the principles of equity that he bear the loss.

*Gordon & Corbet*, for the defendant in error.—The title of the Forest County Oil and Mining Company was prior in time. As that company did its whole duty concerning the certificate and the recording thereof, its title is strongest in right.

Mr. Justice CLARK delivered the opinion of the Court, October 20th, 1884.

The Forest County Oil and Mining Company was incorporated under the Act of 21st April, 1854; the certificate was formed on the 8th March, 1865, on that day it was signed, and acknowledged by the corporators; on the 10th March, 1865, it was certified by the Attorney-General, and on the 26th March, 1865, it was recorded in the office for recording of deeds, etc., in the county of Forest where the business of the company was to be conducted. Letters patent were issued by the governor, on 11th April, 1865, as provided by the Act of 7th May, 1855. The lands in dispute, are embraced in the certificate,

[Stockwell *v.* McHenry.]

and by the provisions of the Act of 1854, constituted part of the common stock of the company, in which the shares for all legal purposes whatsoever are deemed personal estate.

On the 12th August, 1875, Roxalina McHenry, executrix of A. R. McHenry, deceased, obtained a judgment against the company, and upon executions thereon, the lands were sold; the plaintiff's title is derived through the sheriff's sale. On the 29th July, 1874, Alexander McAndrew and Samuel Warren, two of the corporators, upon a good and valuable consideration executed a mortgage on what they recite as their undivided interest in the lands in dispute to William H. Stockwell, and the defendants' title is derived through a sale on this mortgage.

The court below was certainly correct, in concluding that the legal effect of the incorporation was to vest in the company the title to all the lands in the certificate described, without any further conveyance or assignment. By the subsequent Act of 27th March, 1865, this was enacted to be the true intent and meaning of the original statute; but this amendatory provision was, in this respect merely declaratory of its obvious meaning, and was perhaps intended to dissipate any doubts which might exist on that subject. A careful study of the statute of 1854, will we think lead to this conclusion.

The Recorder of Deeds in Forest county, however, in the recording of this certificate did not enter the names of the parties signing it among the grantors in the index of deeds and conveyances in his office; nor was the ownership of the land otherwise manifested by actual occupancy, improvement or cultivation. The question therefore arises, whether the record of the articles of association transferring the title from Alexander McAndrew and Samuel Warren to the Forest County Oil and Mining Company, not having been thus indexed, was constructive notice to the mortgagee, and those claiming under him; this was, in substance the point reserved.

By the Act of 27th March, 1865, the Recorder of Deeds is required so to index instruments of this character, that the names of the parties signing them, shall appear among the grantors, in the index of deeds and conveyances; by the later statute of 18th March, 1875, he is required to keep not only a direct but an adsectum index also, and it is provided that the entry of recorded deeds and mortgages, in such indexes shall be notice to all persons of the recording of the same. This certificate, however, was recorded on the 26th March, 1865, which was prior to the passage of either of the statutes referred to, and as they are not retroactive in effect they can have no application to the case under consideration.

Assuming therefore, that the certificate was in the nature of a conveyance, and that a proper indexing required that the names of the corporators contributing the land should be placed with the grantors, it does not follow that the failure of the Recorder so to do invalidated the record. Prior to the Act of 18th March, 1875, at least, it was well settled, that a deed was in contemplation of law recorded when it was left in the Recorder's office, and put upon the entry book for that purpose.

The duty of the Recorder was to record it, and the responsibility rested upon him for any default in the proper discharge of that duty; the consequences of his default could not be visited upon the owner, who had done all that the law required in depositing the deed in the office for that purpose. A different doctrine was perhaps, declared in Luch's Appeal, 8 Wright 519, where it was held that mortgages must be recorded in a "mortgage book," and that they are not properly recorded in any other book, where they cannot be found by means of a "mortgage index;" but that case was expressly overruled in Glading v. Frick, 7 Norris 460, where it was said by PAXSON, J., "We feel ourselves constrained to return to the rule laid down by Chief Justice GIBSON in McLanahan v. Reeside, 9 Watts, 511; 'It is, indeed,' says the Chief Justice, 'of no account that the conveyance and the articles were not recorded in the book set aside for mortgages; the keeping of such a book is an arrangement to promote the convenience of the officer by contracting the surface over which he is to search, for a particular thing; he is bound to furnish precise information, get it as he may, of every registry in his office, whether made in the right place or not.'" Clader v. Thomas, 8 Norris 343, and Paige v. Wheeler, 11 Norris 282, are to the same effect.

The remark of Chief Justice WOODWARD, in Speer v. Evans, 11 Wright 141, that the index is an indispensable part of the record, is not to be regarded as an adjudication to that extent; that case turned upon the question of actual notice: Schell v. Stein, 26 P. F. S. 398. No duty rested upon the Forest County Oil and Mining Company, to supervise the action of the Recorder, to see that he made the record and indexed the conveyance: Brown & Wood's Appeal, 3 W. N. C. 35; Wyoming Bank's Appeal, 11 W. N. C. 567. Constructive notice of the conveyance must, therefore, be imputed to the holder of the Stockwell mortgage, as well as to those claiming under it: that notice being the implication which the law attaches to the registration of the certificate.

We are of opinion, therefore, that the learned court was clearly right in entering judgment for the plaintiff on the question reserved.

The judgment is therefore affirmed.