Benjamin Farabee *v.* Joseph McKerrihan. George Mc-Kerrihan's Appeal.

[Marked to be reported.]

*Deeds—Mortgages—Recorder of deeds—Recording in wrong book.*

Where certain instruments of writing are not required by law to be recorded in a particular book, they may be recorded in any book kept by the recorder.

When the holder of an instrument to be recorded has left it with the recorder to be recorded, it is to be regarded as actually recorded from that time, whether it was actually recorded at that time or not, or whether it was recorded in the wrong book.

A mortgage left at the recorder's office to be recorded, but actually recorded in the deed book and indexed in the index of deeds, is sufficiently recorded to constitute a lien from the time it was left for record : Glading v. Frick, 88 Pa. 460, overruling Luch's Appeal, 44 Pa. 519.

The act of March 18, 1875, P. L. 32, directing that recorders shall prepare and keep two indexes of deeds and two of mortgages, direct and adsectum, does not contain any repeal of the prior legislation of the state relating to the recording of deeds and mortgages, and does not assume to create any new rule of constructive notice of recorded instruments, and in no way impairs the rule laid down in Glading v. Frick, 88 Pa. 460.

*Mortgage—Future advancements—Amount secured by mortgage.*

A mortgage by its terms was to secure only future advancements. The mortgagee had advanced a certain amount to the mortgagor before the mortgage was given. On the day the mortgage was executed the mortgagor gave to the mortgagee a note under seal for the amount of the prior advancements, payable in four years, which contained the clause : "Being a part of the amount secured by my deed, dated March 20, 1884." *Held,* that the sum named in the note was a part of the indebtedness to secure which the mortgage was given.

Argued Oct. 7, 1895. Appeal, No. 13, Oct. T., 1895, by George McKerrihan, from order of C. P. Greene Co., Oct. T., 1892, No. 159, dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report, distributing fund raised by the sheriff's sale of the real estate of Joseph McKerrihan, the defendant.

From the report of the auditor, A. F. Silveus, Esq., it appeared that on March 20, 1884, Joseph McKerrihan and wife

executed and delivered to Benjamin ·Farabee an instrument in writing under seal, conveying one hundred and sixty-two acres of land " to secure a loan of four thousand five hundred dollars from the said Benjamin Farabee, or so much thereof as the said Joseph McKerrihan may require from time to time to be repaid by the said Joseph McKerrihan, his executors, administrators or assigns to the said Benjamin Farabee, his certain attorney, executors, administrators, heirs or assigns in four years from the date hereof with interest annually on such sums as the said Joseph McKerrihan may from time to time receive, from the date of the receipt of the same." The instrument contained a clause of defeasance. Exhibit "A."

On the same day that the mortgage was executed McKerrihan gave to Farabee the following note: Exhibit "B."

" $2,645.71.                                March 20th, 1884.

" Four years after date I promise to pay to Benjamin Farabee twenty-six hundred and forty-five dollars and seventy-one cents, being a part of the amount secured by my deed dated March 20th, 1884, without defalcation, value received.

" Witness my hand and seal.

"(Signed)      JOSEPH McKERRIHAN,   [SEAL.] "

On August 2, 1884, Farabee delivered the mortgage to the recorder of deeds at his office, and it was recorded in the Deed Book and indexed in the Deed Index Book. It was not recorded in the Mortgage Book. The auditor held that the prior advances referred to in the note were a part of the indebtedness secured by the mortgage, and that the mortgage had been duly recorded, and was entitled to priority in the distribution over subsequent lien creditors of McKerrihan.

The court, MESTREZAT, J., overruled the following exceptions to the auditor's report and confirmed the report without filing an opinion.

3. The auditor erred in holding that the entry of a mortgage in the " Fair " or " Entry Book " is not an essential part of the record, and especially so when the mortgage is not recorded in the line of search. [1]

4. The auditor having found that exhibit " A " is a mortgage, he erred in holding that the recording of exhibit " A " as a deed, in a deed book, and indexing the same therein, and

in the general direct and adsectum deed indexes, is such a recording and indexing as is required by law to create a lien upon the lands described in the mortgage, as against subsequent judgment creditors of the mortgagee without actual notice. [2]

5. The auditor having found that exhibit " A " is a mortgage; that the subsequent judgment lien creditors of Joseph McKerrihan had no actual notice of the execution, delivery, or recording of the same in a deed book or elsewhere in the recorder's office; and that it was not recorded in a mortgage book, or indexed in the general direct and adsectum mortgage indexes, he erred in holding, that, under the provisions of the " Act of the 18th of March, 1875," it was properly recorded and indexed, and a lien entitled to precedence over the said subsequent judgment liens. [3]

6. The auditor erred in awarding any part of the fund for distribution to Benjamin Farabee. [4]

7. The auditor erred in not distributing the entire fund to the judgment lien creditors in the order of their priority. [5]

8. The auditor having found that exhibit " A " is a mortgage, given to secure future advances of money by Farabee to McKerrihan, and that exhibit " B " was given for an indebtedness existing prior to the execution of said exhibit " A " he erred in holding that exhibit " B " was secured by the said exhibit " A." [6]

9. The auditor erred in holding that exhibit " D " (the same being a note of Joseph McKerrihan and Benjamin Farabee to William Cooper for one hundred and fifty dollars) was secured by exhibit " A." [7]

*Errors assigned* were (1–7) in overruling above exceptions to auditor's report, quoting exceptions.

*H. B. Axtell, J. P. Teagarden* and *J. W. Ray* with him, for appellant.—The mortgage from McKerrihan and wife to Farabee was not so recorded and indexed as to make it a lien entitled to precedence in this distribution over the judgment liens of the appellant and others : Act of March 18, 1875, P. L. 32; Brooke's App., 64 Pa. 127 ; Woods's & Brown's App., 82 Pa. 116 ; Musser v. Hyde, 2 W. & S. 314; Com. v. O'Donnel, 12 W. N. C. 291.

The evident intent of the legislature in the passage of the act of March 18, 1875, was to require that all mortgages left for record in the recorder's office should be indexed in the said indexes provided for by said act; and that said indexing should be constructive notice of the existence of such mortgages and the recording of the same: City of Pittsburg v. Kalchthaler, 114 Pa. 552.

The case of Glading v. Frick, 88 Pa. 560, was decided in January, 1879, almost three years subsequent to the passage of the act of 1875, but upon facts arising prior to its passage.

Clader v. Thomas, 89 Pa. 343, was an action of ejectment. The contention arose over the recording of a deed in a miscellaneous book in the recorder's office of Berks county on April 26, 1862. The opinion of this court, filed in 1879, was based upon the law as it stood in 1862.

Paige v. Wheeler, 92 Pa. 282, was decided in 1879. It was an action of ejectment, and the contention arose over an article of agreement recorded in an agreement book, December 12, 1871.

Stockwell v. McHenry, 107 Pa. 237, was an action of ejectment. The contention was over the recording of a certificate of incorporation in the recorder's office of Forest county, on March 26, 1865, almost ten years prior to the passage of the act of 1875. It was decided in 1884, but the facts, so far as they bear any relation to the facts of the case at bar, arose in 1865.

The case of Shebel v. Bryden, 114 Pa. 147, although decided after the passage of the act of 1875 upon facts arising since its passage, relates to a special assignment—a paper not recordable and not embraced under the provisions of the recording acts—and is decided without reference to the act of 1875, and upon facts not affected by the recording or nonrecording of the special deed of assignment.

An absolute deed of conveyance of land with a separate defeasance delivered to the grantor, compose a mortgage; and if the deed be recorded and the defeasance not, it is void as an unrecorded mortgage against subsequent liens: Man. & Mech. Bank v. Bank of Penna., 7 W. & S. 335: McLanahan v. Reeside, 9 Watts, 508; Woods v. Farmere, 7 Watts, 385; Wade on Notice, sec. 188; Shove v. Larsen, 22 Wis. 142.

The act of 1875 clothes the mortgage indexes with the character of notice : Schell v. Stein, 76 Pa. 401.

A defective registry of a deed is a nullity : Bolton v. Johns, 5 Pa. 149 ; Magaw v. Garrett, 25 Pa. 322 ; Goepp v. Gartiser, 35 Pa. 133 ; Friedley v. Hamilton, 17 S. & R. 70.

If it should be determined by this court that the mortgage was properly recorded, then the appellant insists that, as between the mortgagee and himself, it secures only such sums of money as were advanced by Farabee to McKerrihan subsequent to its date, March 20, 1884: Appeal of Bank of Commerce, 44 Pa. 431; Garber v. Henry, 6 W. 57 ; Truscott v. King, 6 N. Y. 147.

*R. L. Crawford*, for appellee.—The mortgage to Farabee was so recorded as to make it a prior lien to the judgments : Woods's App., 82 Pa. 118; Stockwell v. McHenry, 107 Pa. 245 ; Glading v. Frick, 88 Pa. 463; Luch's App., 44 Pa. 519; Stockwell v. McHenry, 107 Pa. 237; Wyoming Bank's App., 11 W. N. C. 567; Shebel v. Bryden, 114 Pa. 152.

The act of 1873 did not supersede and wipe out the constructive notice existing under, and created by the prior recording acts, and in consequence the decisions we have cited must rule this case now.

Notice of an absolute conveyance is surely as full as notice of a conveyance containing a defeasance. The appellant and other judgment creditors of McKerrihan ought not to complain of too much notice ; 20 Am. & Eng. Ency. of Law, 558.

It is plainly shown by the writings which passed between the parties that the amount of prior advances was covered by the mortgage given at that time.

OPINION BY MR. JUSTICE GREEN, January 6, 1896 :

The only question in this case is, whether a mortgage left at the recorder's office to be recorded, but actually recorded in the deed book and indexed in the index of deeds, was sufficiently recorded to constitute a lien from the time it was left for record.

In the case of Luch's Appeal, 44 Pa. 519, we held that mortgages must be recorded in mortgage books and are not properly recorded in any other species of book where they cannot be found by means of the mortgage index.

But in Glading v. Frick, 88 Pa. 460, Luch's Appeal was distinctly overruled in an elaborate opinion delivered by Mr. Justice PAXSON, in which the subject was reconsidered and carefully reviewed.  Summing up the whole matter the opinion declares, "In contemplation of law a paper is recorded the moment it is lodged in the office and the fees paid.  In point of fact it may not be, and in many instances is not, actually entered in the books until months afterwards.  Where a man has complied with the law by depositing his papers in the recorder's office and paying the fees, it would be a hard rule that would deprive him of his lien or his estate because of an error of the recorder in recording the instrument in the wrong book.  It would be different were there an act of assembly directing in what book the particular paper should be recorded. In such a case the recorder might be liable upon his official bond for a failure to record as required by law.  In the absence of any such act we are unable to see how we can declare that a paper is not recorded when the holder has done all that the act of assembly requires in placing it on record.  To do so would seem very much like legislation."

We ruled in this case that where certain instruments of writing are not required by law to be recorded in a particular book they may be recorded in any book kept by the recorder; and a building contract is valid though recorded in a deed book.

We have never departed from the ruling in Glading v. Frick. In the case of Stockwell v. McHenry, 107 Pa. 237, our late brother CLARK, delivering the opinion, said, "Prior to the act of 17th March, 1875, at least, it was well settled that a deed was in contemplation of law recorded when it was left in the recorder's office, and put upon the entry book for that purpose.  The duty of the recorder was to record it, and the responsibility rested upon him for any default in the proper discharge of that duty; the consequences of his default could not be visited upon the owner, who had done all that the law required in depositing the deed in the office for that purpose.  A different doctrine was perhaps declared in Luch's Appeal, 8 Wright, 519, where it was held that mortgages must be recorded in a 'mortgage book,' and that they are not properly recorded in any other book where they cannot be found by means of a 'mortgage index,' but that case was expressly overruled in Glading v. Frick,

7 Norris, 460, where it was said by PAXSON, J., ' We feel our·
selves constrained to return to the 'rule laid down by Chief Jus-
tice GIBSON in McLanahan v. Reeside, 9 Watts, 511; "It is
indeed, of no account," says the chief justice, "that the convey-
ance and the articles were not recorded in the book set aside
for mortgages; the keeping of such a book is an arrangement
to promote the convenience of the officer by contracting the
surface over which he is to search for a particular thing; he
is bound to furnish precise information, get it as he may, of
every registry in his office, whether made in the right place or
not.' "

In Clader v. Thomas, 89 Pa. 343, we said, speaking of Luch's
Appeal, " That case, however, has since been overruled by this
court in Glading v. Frick, 7 Norris, 460, and it is now settled
that a deed is, in contemplation of law, recorded, when it is left
for record in the recorder's office, and the record cannot be lost
by being transcribed by the recorder or his clerk in the wrong
book."

In the case of Paige v. Wheeler, 92 Pa. 282, referring to a de-
feasance which was not recorded in the mortgage book, but in
the agreement book, Mr. Justice MERCUR delivering the opinion
said, " Inasmuch however as the defeasance was not recorded
in the mortgage book, but in the agreement book, it is claimed
that it was improperly recorded, and therefore if in fact a mort-
gage the sheriff's sale passed a title discharged therefrom. It
may be conceded that this was the correct view under the au-
thority of Luch's Appeal, 8 Wright, 510. That case, however,
has been expressly overruled by Glading v. Frick, 7 Norris, 460.
It is there held that such an instrument of writing is properly
recorded in any book kept by the recorder of deeds."

In Shebel v. Bryden, 114 Pa. 147, the present chief justice
referring to the fact that a deed of assignment was first indexed
in the limited· partnership docket, and not in the deed book
index, said, " This did not invalidate the recording of the in-
strument. In contemplation of law it was recorded and took
effect from the time it was left with the recorder for the pur-
pose of being duly recorded. This principle is recognized in
Glading v. Frick, 88 Pa. 463; Clader v. Thomas, 89 Pa. 343;
Paige v. Wheeler, 92 Pa. 282; and Marks' Appeal, 85 Pa. 231."

After all these utterances it is in vain to contend that Luch's

Appeal is any longer of authority, or that Glading v. Frick is not the law as declared by repeated decisions of this court. The principle of that case is that when the holder of an instrument to be recorded has left it with the recorder to be recorded, it is to be regarded as actually recorded from that time, whether it was actually recorded at that time or not, or whether it was recorded in the wrong book.

But it is urged that the act of March 18, 1875, Purd. Dig. 565 and 568, in effect changes the law upon this subject as it was prior to its passage, and that under that act all mortgages must be recorded in mortgage books and indexed in mortgage indexes, in order to constitute notice to subsequent purchasers and incumbrancers. We are unable to sustain this contention. The act of 1875 contains no direction that deeds shall be recorded in deed books, or mortgages in mortgage books and so far as that aspect of the subject is concerned there is manifestly no change in the law as it stood up to the date of the act. All that the act does is to direct that in addition to the indexes which the recorders in each county are required to keep, they shall prepare and keep two indexes of deeds and two of mortgages, direct and ad sectum, in one of which the recorder shall enter the name of the grantor, the name of the grantee and the volume and page in which the instrument is recorded, and in the other of which he shall enter the name of the grantee, the name of the grantor and the volume and page of record, all in the order named in the act. The indexes are directed to be arranged alphabetically and in such a way as to afford an easy and ready reference to the deeds and mortgages respectively. The second section provides that as soon as the indexes are prepared the recorder shall index in its appropriate place and manner every deed and mortgage thereafter recorded in his office and the time the same is recorded. The third section provides that the entry of recorded deeds and mortgages in said indexes shall be notice to all persons of the recording of the same. This act contains no repeal of any of the prior legislation of the state nor is it inconsistent with any part of it. It did not assume to create any new rule of constructive notice of recorded instruments.

The act of the 28th March, 1820, Purd. 588, P. L. 122, provides that mortgages left for record shall be liens from the time

they are recorded or left for record, and the contention of the appellants would practically destroy that part of this act which gives the same effect to being left for record as to being actually recorded. In Wyoming Nat. Bank's Appeal, 11 W. N. C. 567, we held that a mortgage actually recorded though not entered upon the index is entitled to precedence over a subsequent judgment. We said, "Whatever the effect of the failure of the recorder to enter the mortgage on his book of entries would have been in the case of a lien intervening between that time and the recording of the mortgage, we think such recording is a valid entry and record against a subsequent judgment."

It is no answer to this or any of the cases heretofore cited to say that they were decided either before the act of 1875 was passed, or upon facts arising prior to its passage, because that act is not in conflict with them. Moreover the appellee's mortgage was actually recorded in the book of deeds on August 2, 1884, nearly eight years before the judgments of the appellant were obtained. Being there recorded it was in the line of the title of the mortgagor and would have been at once discovered by any creditor desiring to investigate his title. Without extending the argument we dismiss all the assignments of error relating to this subject.

The sixth assignment raises a question upon the construction of the mortgage, to the effect that it was given only to secure future advancements to the mortgagor and therefore could not embrace the sum of $2,645.71, which it is agreed was advanced before the mortgage was given. But the auditor very correctly disposed of this contention by showing that on the day the mortgage was executed the mortgagor gave to the mortgagee a note under seal for $2,645.71, payable in four years, which contained the clause, "being a part of the amount secured by my deed dated March 20th, 1884." The parties thus made the sum named a part of the indebtedness to secure which the mortgage was given, which they had a perfect right to do. It had precisely the same effect as if the mortgagor had paid over the amount to the mortgagee and then immediately taken back the money as a present advancement. There is no merit in this or the remaining assignments and they are all dismissed.

Decree affirmed at the cost of the appellant.