ROBERT A. IVEY, APPELLANT v. A. J. DAWLEY, APPELLEE.

Previous to June 13th, 1892, when the Revised Statutes of 1892 went into effect there was no law in this State requiring Clerks of the Circuit Court to keep special books in which to record mortgages, and when a mortgage of real estate was filed in a Clerk's office on the 10th of July, 1891, and recorded on that day or on the 13th day of said month, in the Miscellaneous Record Book, such record is constructive notice of the contents of said mortgage to subsequent mortgagees of said real estate, and those holding under them.

This case was decided by Division B.

Appeal from Circuit Court for Marion County.

The facts in the case are stated in the opinion of the Court.

*Otis T. Green,* for Appellant.

*H. L. Anderson,* for Appellee.

HOCKER, J.  Robert A. Ivey filed a bill in the Circuit Court of Marion county on the 31st December, 1903, to foreclose a mortgage, on real estate situated in Marion county against A. J. Dawley.  It is alleged that the instrument in writing sued on as a mortgage was executed on the 5th of April, 1891, by C. W. White to E. S. Gaulden for a valuable consideration, and was assigned by Gaulden to the complainant Ivey on December 11th, 1891.  It is alleged that the said writing was filed for record in the office of the Clerk of the Circuit Court of

Marion county on the 10th of July, 1891, and was duly recorded in accordance with law, as appears by the instrument appended to the bill as an exhibit and made part thereof. It is further alleged that the assignment to Ivey was filed for record in the Clerk's office of Marion county on March 11, 1892, as appears by said exhibit. It is further alleged that Dawley was a purchaser of the mortgaged property under a foreclosure sale made under junior mortgages executed by White on the 3rd of November, 1891, recorded in the Clerk's office on the fourth and seventh of November, 1891, respectively, and, therefore, that his rights were subordinate to those of complainant. The bill contains the usual prayers. A demurrer was filed and overruled, and afterwards a plea was filed, which, in substance, set up that the writing sued on as a mortgage was recorded in "Miscellaneous Record Book 'C' at page 39, on the 13th of July, 1891, and not recorded in the Mortgage Record Books kept by the Clerk of Marion county; that the recording in the Miscellaneous Record Book was not a record made in accordance with law, and that Dawley had no constructive notice of the existence of the alleged lien of the writing sued on at the time he purchased the junior mortgage on the 5th of July, 1892, for which he paid a valuable consideration, and which mortgage was dated 3rd of November, 1891, and properly recorded on the 7th of November, 1891; that Dawley was an innocent purchaser of the real estate described in the bill and without actual or constructive notice of the mortgage lien, and without actual or constructive notice that complainant or his assignor claimed any interest in the premises.

Replication was filed and the testimony of Dawley taken by deposition. The testimony sustains the plea, to the effect that he paid a valuable consideration for the

junior mortgage, and had no actual notice of the mortgage or of the claim of the complainant, or his assignor. Upon final hearing a decree was made dismissing the bill, and from this decree an appeal was taken to this court and the following assignment of error made: "The court erred in entering its final decree of March 4th, 1905, in which it decreed that the bill of complaint should be dismissed."

The principal contention of appellant is that the mortgage sued on having been filed for record with the clerk on July 10, 1891, the filing alone by virtue of section 1977 Revised Statutes of 1892, was constructive notice to the subsequent mortgagees, and those holding under them. But the pleadings present another question which we cannot overlook. The mortgage was not only filed for record on July 10, 1891, but was recorded in Miscellaneous Record Book "C" at p. 39, on the 13th of July, 1891, some time before the execution of the junior mortgage under which Dawley holds the mortgaged property. Section 1391 Revised Statutes of 1892, requiring Clerks of the Circuit Courts to keep "A Record of Deeds," "a Record of Mortgages," and the other specific records therein mentioned, does not seem to be a reproduction of any previous statute in this State. The Revised Statutes went into effect on June 13th, 1892, and we have not been able to find any statute of a previous date requiring the clerk to record mortgages in any specifically designated record book in order to give constructive notice of their existence. Section four (4) of the act of November 15th, 1828 (Sec. 6, p. 215 McClellan's Digest) required conveyances, transfers and mortgages of real estate, in order to be good and effective in law or equity against creditors and subsequent purchasers for a valuable consideration

and without notice, to be "recorded in the office assigned by law for that purpose." Under Article 6, Sec. 19 of the Constitution of 1868, the Clerks of the Circuit Courts are the recorders of the counties. The same authority is conferred upon Clerks of the Circuit Courts by section 15, Article 5 of the Constitution of 1885. This was the state of the law when the instrument sued on here was filed for record and recorded in "Miscellaneous Record Book C."

In Switzer v. Knapps, 10 Iowa, 72, it was held that the "record of a quit claim deed is sufficient and operates as notice when such deed is recorded in the Book of Mortgages, the evidence not showing whether that book was used for recording mortgages only, or whether it was used to record both absolute deeds and mortgages, and the statute not requiring separate books for these different instruments."

In Farabee v. McKerrihan, 172 Pa. St., 234, 33 Atl. Rep. 583, S. C. 51 Am. St. Rep. 734, it was held that *"instruments in writing not required by law to be recorded in a particular book* may be recorded in any book kept by the recorder."

In the last cited case a mortgage was recorded in the deed book. See also Smith's Exr. v. Smith, 13 Ohio St., 532; Mee v. Benedict, 98 Mich. 260, texts 269-270, 57 N. W. Rep. 175; 24 Am. & Eng. Ency. Law, (2nd ed.) 106; 2 Bevlin on Deeds. sec. 600 and notes.

The instrument sued on in the case at bar is not in the usual form of a mortgage and probably the Clerk had some difficulty in classifying it, but inasmuch as at the time it was filed for record there was no statute in force in this State requiring mortgages to be recorded in any specially designated book we are constrained to hold that

the mortgage in this case was properly recorded, and the record, therefore, was constructive notice to Dawley.

It is unnecessary to pass upon the effect of section 1977 Revised Statutes of 1892, which provides that "all instruments, etc., shall be deemed to be recorded from the time the same are filed with the officer," etc.

The decree appealed from is reversed and the cause remanded for such other proceedings as equity may require.

TAYLOR, P. J., and PARKHILL, J., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.