HENRY R. CURRY AND EUGENE TURNER, *Appellants*, v. D. LEHMAN, *Appellee.*

Under the statute providing that a judgment or decree rendered in the Circuit Court of one County shall create a lien upon the real estate of the defendant in another county where a certified transcript of the judgment or decree shall have been recorded in the county where such real estate is, and that the Clerk of the Circuit Court shall keep "a record of foreign judgments, in which he shall enter all transcripts of judgments in other counties of the State," where a judgment of the Circuit Court of one county is recorded in another county in a book called "Judgment Docket," and in a part of such book designated as used for "Record of Foreign Judgments," and no other book for recording such foreign judgments is kept in the county, such a record of the judgment is sufficient to create the statutory lien and to give notice to purchasers of real estate affected by the lien of the judgment.

This case was decided by Division A.

Appeal from the Circuit Court for Manatee county.

The facts in the case are stated in the opinion of the court.

*Singletary & Reeves,* for appellants;

*Axtell & Rinehart,* for Appellee.

WHITFIELD, C. J.—This appeal is from a decree dismissing a bill of complaint brought to cancel the record

of a judgment as a cloud upon the title to real estate. A judgment rendered in 1897 in the Circuit Court for Duval county, Florida, was in 1902, recorded in a book called "Judgment Docket" in the office of the Clerk of the Circuit Court for Manatee county. The clerk testified that prior to 1905 there was no separate book in the office for the record of foreign judgments and that prior to 1905 foreign judgments were recorded in the book called "Judgment Docket;" that at the heading of page 184 of the book called "Judgment Docket" is inscribed the words "Record of Foreign Judgments," and that foreign judgments are recorded on subsequent pages of this book, among them being the judgment in controversy.

A former appeal is reported in Curry v. Lehman, 55 Fla. 847, 47 South. Rep. 18. The only question presented here is whether the record of the judgment as stated is sufficient to create the statutory lien.

The statutes provide that a judgment or decree rendered in the Circuit Court of one county "shall create a lien upon the real estate of the defendant situated in another county than the one in which the same shall have been rendered, when a certified transcript of the said judgment or decree shall have been recorded in the county in which the real estate so sought to be bound may be situated." The clerk shall keep "a record of foreign judgments, in which he shall enter all transcripts of judgments in other counties of the State," &c. Sections 1601 and 1831 General Statutes of 1906. Section 1832 specifies the record books the clerk is required to keep and there is none designated as "Foreign Judgment Book" or by other name to indicate a separate and exclusive book for the record of foreign judgments. This being so and no such book being in fact kept by the clerk when the record of the judgment here was made, it seems that the record of the foreign judgment in the book

designated "Judgment Docket" was appropriate, and particularly so when a portion of that book was used for such purpose.  Under the law and the circumstances disclosed the record of the judgment rendered in Duval county in the office of the clerk of the Circuit Court for Manatee county in the book kept by the clerk and designated as "Judgment Docket" was sufficient to establish the statutory lien of the judgment and to give notice to purchasers of real estate affected by the lien of the judgment.  See Ivey v. Dawley, 50 Fla. 537, 39 South. Rep. 498.

The decree is affirmed.

SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.