# Shebel & Hill *versus* Bryden.

114 147
172 240
114    147
36 SC ²536

1. A, a limited partnership mortgaged its buildings and machinery for the sum of $12,000, to B. as trustee for bondholders. On November 30th, 1882, the mortgaged property was partially destroyed by fire, the loss subsequently being adjusted at $10,669. On December 1st, 1882, A. executed and delivered to B. a deed of assignment for the amount of insurance payable, the surplus if any after paying the bondholders to be returned to A. C., a judgment creditor, issued an attachment execution subsequent to the delivery of the deed of assignment attaching the insurance money and summoning the insurance companies as garnishees. By leave of court they paid the money into court. In an issue framed between B. and C. to determine to whom the insurance money belonged: *Held*, that the deed of assignment was valid and not intended to hinder, delay or defraud the creditors of A.

2. In contemplation of law an instrument within the Recording Act is taken as recorded from the time it is left with the Recorder of Deeds for the purpose of being duly recorded.

April 12th, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Luzerne county:* Of July Term 1886, No. 84.

[Shebel et al. *v.* Bryden.]

This was an issue framed by the court wherein Andrew Bryden was the plaintiff, and Shebel & Hill were the defendants, to determine to which one belonged the sum of $10,669.

This fund was produced in the following manner:

On March 1st, 1880, the Pittston Knitting Company Limited, mortgaged their land, buildings and machinery to Andrew Bryden, trustee, for $12,000, to secure bonds of the same amount issued to various parties. On November 30th, 1882, the mortgaged premises were partially destroyed by fire, the loss thereon being adjusted at $10,669. Before the adjustment of the loss on December 1st, 1882, the Pittston Knitting Company Limited, executed and delivered to Andrew Bryden, trustee for the aforesaid bondholders, a deed of assignment for the insurance money due it for said loss, the surplus, if any, after the payment of the bondholders, to be paid to it, the Pittston Knitting Company Limited.

On December 14th, 1882, Shebel & Hill being judgment creditors of the Pittston Knitting Company Limited, issued an attachment execution on their judgment, attaching the insurance money, and summoning the insurance companies as garnishees. The insurance companies by leave of court paid the amount of the adjusted loss, $10,669, into court. It being claimed by both Bryden, Sheble & Hill, this issue was framed to determine to which it belonged.

On December 30th, 1882, Bryden took his deed of assignment to the office for the recording of deeds &c. in and for Luzerne county, and left it with the Recorder of Deeds for record. He on the same day recorded it in the Limited Partnership Docket, and was indexed in this docket, but it was not indexed in the Deed-Book Index until July 5th, 1883.

On the trial before RICE, P. J., the following offers of evidence were made.

Plaintiff's counsel offers in evidence, assignment, Pittston Knitting Company Limited to Andrew Bryden, trustee, of all their right, title and interest in and to the policies of insurance and the moneys arising from the insurance on buildings and machinery of the Pittston Knitting Co. Limited, dated first day of December, 1882; acknowledged 29th December, 1882; recorded in Limited Partnership Book, No. 1, page 180, &c., on the 30th of December, 1882, in the office of the Recorder of Deeds of Luzerne county.

Defendants' counsel object to the admission of this assignment, on the ground that it is not a recordable paper.

Objection overruled for the present, assignment admitted; and at the request of defendant's counsel bill is sealed. (Fourth assignment of error.)

Defendants' counsel object to the admission of this assign-

[Shebel et al. *v.* Bryden.]

ment, on the ground that it is void, as hindering the collection of the judgment on which this attachment was executed.

Objection overruled for the present, assignment admitted; and at the request of defendants' counsel bill is sealed. (Fifth assignment of error.)

Defendants propose to prove that the assignment in evidence was indexed in the Limited Partnership Docket, on the 30th of December, 1882, and nowhere else, until the 5th of July, 1883, when it was indexed in the Deed-book Index.

Objected to as irrelevant.

THE COURT:—We are of opinion that under the recent cases, especially Glading *v.* Frick and the others which follow it, that this paper was recorded within the thirty days, notwithstanding it is not indexed in the Deed-book Index until July 5th, 1883. We sustain the objection; exclude the evidence, and at the request of defendants' counsel seal a bill. (Sixth assignment of error.)

Defendants offer judgment, William Hall & Co. *v.* Pittston Knitting Co. Limited, No. 176, November T., 1882.

Defendants propose to prove by this record that at the time of the assignment of December 1st, 1882, this judgment had been entered against the Pittston Knitting Company, Limited. Propose also to follow this by evidence showing the assets of the Pittston Knitting Company, Limited, and their liabilities, and that their liabilities exceeded their assets at that time. The purpose of this offer being to show that the Pittston Knitting Company, Limited, were insolvent—were unable at the time to pay their debts.

Objected to as immaterial to the issue now being tried.

THE COURT.—I am of the opinion from the examination that I have been able to give this matter, that under the cases, especially the cases of Miners' Bank Appeal and in 6th Norris, that if, as a matter of fact, the Pittston Knitting Company was insolvent at the time of this assignment, it would be in contemplation of law under Act of 1843 an assignment for the benefit of creditors, and hence would enure to the benefit of all the creditors and would not be void. The objection is therefore sustained; the evidence rejected; and at the request of defendants' counsel bill is sealed. (Seventh assignment of error.)

Defendants propose to prove that this assignment was indexed in the Limited Partnership Docket Index, on the 30th of December, 1882, and nowhere else until the 5th of July, 1883, when it was indexed in the Deed-book Index. To be followed by evidence showing that at the time of making the assignment the liabilities of the Pittston Knitting Company, Limited, exceeded their assets, the purpose being to show that

this paper was an assignment for the benefit of creditors and therefore void as against defendants.

Objected. to as immaterial to the issue now being tried.

BY THE COURT:—As we understand the claim of the defendants, it is that this assignment was, in contemplation of law, an assignment for the benefit of creditors, and not being properly recorded was void; and that hence the attaching creditors would be entitled to the fund. We have already held that the recording of the instrument shown to have been made was not invalid. The offer is overruled, and bill sealed for the defendants. (Eighth assignment of error.)

The defendant requested the court to charge, *inter alia*, as follows:

That the deed to Bryden is void because delaying the defendants from realizing their judgment from the moneys in court, no time being provided for the payment of the bonds therein mentioned or for the return of the surplus to the assignor. The verdict of the jury must therefore be for the defendants and against the plaintiff.

THE COURT.—We decline to charge as requested in that point. In the first place, if as matter of fact the bonds amounted to $12,000, and the fund which was assigned only amounted to something like $10,000, the reservation to the plaintiff of any surplus which might be left after the payment of these bondholders would be entirely harmless; because there would be no surplus. In the next place, this assignment, as we view it, did not remove this surplus, if any, from the grasp or reach of an attaching creditor. In effect, in equity at least, the assignment was only of so much of the fund as was necessary to satisfy the bondholders; and the residue, if any, could have been attached and reached as the property and effects of the Pittston Knitting Company, even though the assignment might have been in terms for the whole fund. Hence we decline to charge as requested in that point. We are of opinion as the case is now presented, that the assignment was valid, and if there were nothing else in the case, would entitle the plaintiff to the fund in court. (First, second and third assignments of error.)

*John Bethell Uhle*, (*F. C. Sturges* with him), for plaintiffs in error.—1. The deed of assignment to Bryden is void as hindering and delaying creditors : Sheaffer *v.* Eakman, 56 Pa. St., 144; Bentz *v.* Rockey, 69 Pa. St., 77 ; Hart *v.* McFarland, 13 Pa. St., 182; Adlum *v.* Yard, 1 Rawle, 163; Kepner *v.* Burkhart, 5 Pa. St., 478 ; Chambers *v.* Spencer, 5 Watts, 404 ; Clark *v.* Depew, 25 Pa. St., 509.

2. The deed was void as an assignment for the benefit of

creditors not recorded within thirty days : Act of 1875, P. L., 32 ; Glading v. Frick, 88 Pa. St., 460.

*George S. Ferris*, for defendant in error.—The assignment is not void as hindering or delaying creditors : Hubler v. Waterman, 33 Pa. St., 414 ; Wiener v. Davis, 18 Pa. St., 333 ; Hackman v. Messinger, 49 Pa. St., 473 ; Dana v. Bank of U. S., 5 W. & S., 223, 250.

The Act of 17th April, 1843, however, while making the preferences void, continued the assignment as valid, but to enure to the benefit of all, instead of the preferred creditors. And this is true as against attaching creditors : Wiener v. Davis, 18 Pa. St., 331 ; Law v. Mills, Id., 185 ; First Nat. Bank of Newark, O., v. Holmes et al., 85 Pa. St., 231.

There being no requirement in the Act of 1875, that the paper should be recorded in any particular book, it was properly recorded in any book kept by the Recorder : McLenahan v. Reeside, 9 Watts, 511 ; Glading v. Frick, 88 Id., 463 ; Clader v. Thomas, 89 Id., 343 ; Paige et al. v. Wheeler, 92 Id., 282 ; Marks' Appeal, 85 Id., 231, 234.

The Act should be construed strictly because it provides a new remedy : East Union Twp. v. Ryan, 86 Pa. St., 459, 465. Because it virtually imposes a penalty on the Recorder for failure to index. It is in the nature of a penal statute : McGhee v. Hamilton, 21 Pitts. L. J., 169 ; Gallagher v. Neal, 3 P. & W., 183.

The moment an assignment for the benefit of creditors is placed by the assignor or any one interested in the office of the Recorder of Deeds of the proper county and within the prescribed time, the beneficial interest of the creditors, the *cestuis que trust*, is certainly and completely vested : " per SHARSWOOD, J., in Marks' App., 85 Pa. St., 231.

Mr. Justice STERRETT delivered the opinion of the court, October 4th, 1886.

The controlling question of fact, properly submitted to the jury and by them found in favor of the plaintiff in the issue, was whether the assignment to him of the insurance policies was duly executed and delivered before the attachment execution of defendants below was issued. This finding of the jury is conclusive of the case, unless the learned judge erred in the admission or rejection of testimony, or in his instructions to the jury.

There was no error in charging as complained of in the first and second specifications, nor in refusing to affirm defendants' first point, viz : " That the deed of Bryden is void, because delaying the defendants from realizing their judgment from

the moneys in court, no time being provided for the payment of the bonds therein mentioned or for the return of the surplus to the assignor. The verdict of the jury must therefore be for the defendant and against the plaintiff."

The testimony tended to prove that the bonds, for payment of which the policies were assigned, amounted to $2,000 more than the insurance. In view of this evidence the learned judge said, if that was the fact the reservation to the Pittston Knitting Company, the assignor, of any surplus that might remain after payment of the bondholders, would be harmless, because there would be no surplus. In the next place, the reservation of a possible surplus did not remove it from the grasp of attaching creditors. In effect, the assignment was only of so much of the insurance money as would satisfy the bondholders. The residue, if any, could have been attached as the property of the assignor.

The fourth and fifth specifications, relating to the admission in evidence of the deed of assignment, cannot be sustained; nor is there any merit in the objection covered by the sixth specification, that the deed of assignment was at first indexed in the "Limited Partnership Docket" and not in the "Deed book Index." This did not invalidate the recording of the instrument. In contemplation of law it was recorded and took effect from the time it was left with the Recorder for the purpose of being duly recorded. This principle is recognized in Glading *v.* Frick, 88 Pa. St., 463; Clader *v.* Thomas, 89 Id., 343; Paige, et al. *v.* Wheeler, 92 Id., 282, and Marks' Appeal, 85 Id., 231. Plaintiffs in error were not prejudiced by the failure of the Recorder to enter the assignment on the General Deed Index. Their attachment issued before the instrument was left for record, but, as the jury found, after it was executed and delivered; and they appear to have had actual notice before any further steps were taken.

There is nothing in the remaining specifications of error that requires special notice. There is no merit in either of them. The issue was well tried, and we discover nothing in any of the rulings of the court that would warrant a reversal of the judgment.

Judgment affirmed.