CLONINGER v. FINLAISON.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1916.)

No. 2595.

1. MINES AND MINERALS ⬡═21—LOCATION—NOTICE—VERIFICATION.
     Under Laws Alaska 1913, c. 74, relating to the locating of placer claims, an unverified certificate of location should not be recorded, and furnishes no basis for claim.
     [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 45–50; Dec. Dig. ⬡═21.]

2. MINES AND MINERALS ⬡═21—LOCATION—CERTIFICATE—SUFFICIENCY.
     Laws Alaska 1913, c. 74, § 10, requires the locator of a mining claim to file a certificate setting forth a description of the location of the claim with reference to some natural object, permanent monument, or well-known mining claim. Rev. St. § 2324 (Comp. St. 1913, § 4620); declares that the monument or natural object may be such as will identify the claim. The certificate of location declared that the name of the claim was "No. 1 Bear Creek placer mining claim," and that it was situated in the White River mining district, and that Bear creek was tributary to Big Eldorado. Held, that the certificate was insufficient, for it did not necessarily mean that the claim was located on Bear creek, and, had it so meant, the mere mention of Bear creek would not establish its location.
     [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 45–50; Dec. Dig. ⬡═21.]

3. MINES AND MINERALS ⬡═14—LOCATION—POWERS OF ATTORNEY.
     Under Act Cong. Aug. 1, 1912, c. 269, § 2, 37 Stat. 243 (Comp. St. 1913, § 5055), declaring that no person shall locate any placer mining claim in Alaska for another, unless he is duly authorized by power of attorney, acknowledged and recorded in the recorder's office, the power of attorney to locate a placer claim for another need not be recorded before location; it being sufficient if it is recorded before an adverse claim is filed.
     [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§. 19, 20; Dec. Dig. ⬡═14.]

4. MINES AND MINERALS ⬡═38—LOCATION—CLAIMS.
     In a suit over a placer mining claim in Alaska, which had been located for defendant by his attorney, evidence held insufficient to prima facie

⬡═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

show that the power of attorney was not recorded before plaintiff's location.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 87½–113; Dec. Dig. ⬤�longrightarrow38.]

In Error to the District Court of the United States for the Third Division of the District of Alaska; Fred M. Brown, Judge.

Ejectment by Archie A. Cloninger against A. H. Finlaison. Judgment for defendant, and plaintiff brings error. Affirmed.

On August 1, 1912, Congress, in an act to amend the mining laws in their application to Alaska, provided "that no person shall hereafter locate any placer mining claim in Alaska as attorney for another unless he is duly authorized thereto by a power of attorney in writing, duly acknowledged and recorded in any recorder's office in the judicial division where the location is made." 37 Stat. 243 (Comp. St. 1913, § 5055). In July, 1913, news of a strike at Shushuna came to the plaintiff and others at Chitina, Alaska. It was reported that claims had been staked at Shushuna under powers of attorney which had not been recorded in the district, for the reason that the district was but newly formed, and the recorder had not yet arrived. The plaintiff, who was not a miner, together with his partner, Maddox, having been grubstaked by others, left for Shushuna, in the hope of finding good claims covered by locations made under unrecorded powers of attorney. They arrived there July 30th, and on August 1st they found the claim in controversy, which appeared by the stakes on the ground to have been located by one Taylor under power of attorney for the defendant. The plaintiff made a location of the claim, staked the same, and entered into possession thereof; but, having been thereafter ousted by the defendant, he brought ejectment to recover the possession, alleging in his complaint the facts of his location. The defendant answered, alleging that Taylor had located the claim on July 3, 1913, for the defendant, under a power of attorney executed on May 29, 1913. The answer further alleged that on July 12, 1913, at a miners' meeting, a local mining district was duly formed at Big Eldorado, and a recorder was elected, and that the power of attorney was recorded with him on July 12, 1913, and that on July 25, 1913, the United States commissioner, who was ex officio recorder of the district, arrived, and that the power of attorney was recorded with him on that date, on page 18, volume 1, of his records. The reply denied the execution of the power of attorney, or the recording of the same, and alleged that all that was recorded in volume 1, page 18, was a memorandum showing: "No. 1, A. H. Finlaison to A. M. Taylor, absolute power attorney drawn by G. C. Cole, American consul, Dawson, 29th May, 1913, Rec. 8:35 a. m., July 12/13." On these issues the case went to trial before a jury, and at the conclusion of the plaintiff's testimony in chief a judgment of nonsuit was entered against him, on the motion of the defendant. The court below excluded from the evidence the plaintiff's verified notice of location, on the ground that it did not conform to the requirements of the statute, and held that it was not the purpose of the act of Congress to require the recording of a power of attorney prior to the initial step in making a location.

T. C. West, of San Francisco, Cal., T. J. Donohoe and E. E. Ritchie, both of Valdez, Alaska, and O. A. Tucker, of Juneau, Alaska, for plaintiff in error.

Maurice D. Leehey and Lyons & Orton, all of Seattle, Wash., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] We find no error in the exclusion from the evidence of the plaintiff's

certificate of location. The Session Laws of Alaska, approved April 30, 1913, among other provisions require that, within 90 days from the date of discovery, the locator shall record with the recorder of the precinct in which the claim is situated a certificate of location, and that the certificate, among other things, shall set forth a description of the location of the claim with reference to "some natural object, permanent monument or well-known mining claim" (Laws 1913, c. 74, § 10), and that the certificate shall not be accepted for record by the precinct recorder unless it be verified by the recorder. There is a further provision that, if the discoverer of a placer deposit shall fail to comply with any of these requirements of the law, his right by reason of his discovery shall cease (section 11). The plaintiff's certificate declared that the name of the claim is "No. 1 Bear Creek placer mining claim," that it is situated in the White River mining district, territory of Alaska, and that "Bear Creek is tributary to Big Eldorado." There was no verification to the certificate. Washoe Copper Co. v. Junila, 43 Mont. 178, 115 Pac. 917; Van Buren v. McKinley, 8 Idaho, 93, 66 Pac. 936. These two defects are such as to invalidate the location, notwithstanding the rule, which the plaintiff invokes, that prospectors' notices are construed with extreme liberality by the courts.

This court extended that rule as far as is permissible in Vogel v. Warsing, 146 Fed. 949, 77 C. C. A. 199. But in that case the claim was described as about a mile from Anvil Mountain, in a southeasterly direction, and the location notice was headed "Bristow Gulch, Cape Nome Mining District." We held that this reference to two permanent objects was sufficient. But in the case at bar the description refers to no natural object, or permanent monument, or well-known mining claim. The name "claim No. 1, Bear Creek placer mining claim" does not necessarily mean that the claim is located on Bear creek, and if the claim had been described as located on that creek, the notice would still be insufficient to comply with the statute, for a creek or a river, without other description, will not answer for the natural object required by the statute, so as to give the claim definite location, and meet the requirements of section 2324, Revised Statutes (Comp. St. 1913, § 4620), which provides that the monument or natural object must be such "as will identify the claim."

In McKinley Mining Co. v. Alaska Mining Co., 183 U. S. 563, 22 Sup. Ct. 84, 46 L. Ed. 331, the claims were described as located on McKinley Creek, and at a stated distance from the first falls on the creek. The court said:

"These notices constituted a sufficient location. The creek was identified, and between it and the stump there was a definite relation, which, combined with the measurements, enabled the boundaries of the claim to be readily traced."

But in the present case the claim has no definite relation to the creek, and the mere mention of Bear creek serves in no way to identify the claim. Faxon v. Barnard (C. C.) 4 Fed. 702.

[3, 4] We think, also, that the judgment of nonsuit is sustainable on the ground that the plaintiff failed to show that the power of attorney from the defendant to Taylor was not recorded. We are of

the opinion that the location of a mining claim in Alaska under a power of attorney is valid, if the power of attorney is duly recorded at any time before adverse rights accrue, or location is attempted to be made of the same ground by another. The evidence which the plaintiff offered falls short of showing that the power of attorney in question was not duly recorded on August 2, 1913, the date when the plaintiff made his attempted location. The testimony on that subject is that on August 1st the plaintiff went to the recorder's office at Big Eldorado, and that the deputy recorder, Waller, showed him the books, and that neither he nor Waller could find a place where Taylor had a power of attorney recorded; that they looked at but one book, which Waller said was the only one that he had. On his cross-examination, being shown a book which was marked "Volume 1 of the Records of the White River Recording Precinct," the plaintiff stated that it was not the book which he had examined. He further testified that the book which he and Waller examined was examined by them by turning over the pages, that they started in about the month of July, and went through, turning it page by page, and that the book was then about half full. This evidence was entirely insufficient to show, even prima facie, that the power of attorney was not recorded. The book so examined was evidently not the book referred to by the defendant when he stated in his answer that the power of attorney was recorded on July 25, 1913.

The judgment is affirmed.