## SUTHERLAND v. PURDY.*

(Circuit Court of Appeals, Ninth Circuit. August 7, 1916.)

No. 2583.

MINES AND MINERALS ☞14(2)—LOCATION OF ALASKA PLACER MINING CLAIM —RECORDING POWER OF ATTORNEY.

Under Act Cong. Aug. 1, 1912, c. 269, §§ 2, 5, 37 Stat. 243 (U. S. Comp. St. 1913, §§ 5055, 5058, Comp. Laws Alaska 1913, §§ 129b, 129e), providing that no person shall locate any placer mining claim in Alaska as attorney for another unless duly authorized by power of attorney in writing, acknowledged and "recorded in any recorder's office in the judicial division where the location is made," and expressly declaring that no placer mining claim shall be located in Alaska "except under the limitations" of the act, and that any such claim attempted to be located in violation of the "act shall be null and void," a location of an Alaskan placer mining claim by an attorney in fact for another before the recordation of the authorizing power of attorney is void.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 19, 20; Dec. Dig. ☞14(2).]

Gilbert, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Third Division of the Territory of Alaska; Fred M. Brown, Judge.

Action by Dan D. Sutherland against F. W. Purdy. Judgment for defendant, and plaintiff brings error. Reversed.

T. C. West, of San Francisco, Cal., T. J. Donohoe and E. E. Ritchie, both of Valdez, Alaska, and O. A. Tucker, of Juneau, Alaska, for plaintiff in error.

Maurice D. Leehey, of Seattle, Wash. (Lyons & Orton, of Seattle, Wash., of counsel), for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

ROSS, Circuit Judge. The questions presented by the writ of error on which this case comes here are whether under the act of Congress of August 1, 1912, a power of attorney, authorizing the location in Alaska of placer mining claims by one for another, is required to be recorded before any step in the matter of such location can be taken, and as to whether the court below erred in allowing parol proof of the contents of the power of attorney under which the placer mining claim in controversy was located for the defendant in error, Purdy, by one G. L. Gates. Subsequent to that location a part of the same ground was included in a location made by the plaintiff in error, Sutherland, who, as plaintiff in the court below, brought the present action against Purdy to dispossess him.

Prior to August 1, 1912, any citizen of the United States and any one who had declared his intention to become such could locate lode or placer claims in Alaska, as elsewhere in the United States, without limit as to number, and could make such locations as agent for another without having any power of attorney authorizing him to do

so. And Congress never at any time required the location of such claims to be recorded, but has left that matter to legislation by the states or to regulation by the miners. Sturtevant v. Vogel, 167 Fed. 448, 458, 93 C. C. A. 84, and references there made. But on August 1, 1912, Congress enacted this statute in respect to placer mining claims in that territory:

"Sec. 129b. That no person shall hereafter locate any placer mining claim in Alaska as attorney for another unless he is duly authorized thereto by a power of attorney in writing, duly acknowledged and recorded in any recorder's office in the judicial division where the location is made. Any person so authorized may locate placer mining claims for not more than two individuals or one association under such power of attorney, but no such agent or attorney shall be authorized or permitted to locate more than two placer mining claims for any one principal or association during any calendar month, and no placer mining claim shall hereafter be located in Alaska except under the limitations of this act.

"Sec. 129c. That no person shall hereafter locate, cause or procure to be located, for himself more than two placer mining claims in any calendar month : Provided, That one or both of such locations may be included in an association claim.

"Sec. 129d. That no placer mining claim hereafter located in Alaska shall be patented which shall contain a greater area than is fixed by law, nor which is longer than three times its greatest width.

"Sec. 129e. That any placer mining claim attempted to be located in violation of this act shall be null and void, and the whole area thereof may be located by any qualified locator as if no such prior attempt had been made."
Compiled Statutes of Alaska.

The contention of the plaintiff in error is that the location made by Gates as attorney in fact for Purdy was made prior to the recordation of the power of attorney and for that reason was void. The fact is conceded, and the question of law for decision is whether such attempted location is of any validity. The general statute of the United States regarding the location of mining claims is found in Revised Statutes, § 2324, as amended January 22, 1880 (Comp. St. 1913, § 4620), and reads in part as follows:

"The miners of each mining district may make regulations not in conflict with the laws of the United States, or with the laws of the state or territory in which the district is situated, governing the location, manner of recording, amount of work necessary to hold possession of a mining claim, subject to the following requirements : The location must be distinctly marked on the ground so that its boundaries can be readily traced. All records of mining claims hereafter made shall contain the * * * names of the locators, the date of location, and such a description of the claim or claims located by reference to some natural object or permanent monument as will identify the claim. On each claim located after the tenth day of May, eighteen hundred and seventy-two, and until a patent has been issued therefor, not less than one hundred dollars' worth of labor shall be performed or improvements made during each year."

It is undoubtedly well settled that the order in which the several acts so required by this general law of Congress are to be performed is nonessential in the absence of intervening rights. Creede & C. C. M & M. Co. v. Uinta T. M. & T. Co., 196 U. S. 337, 25 Sup. Ct. 266, 49 L. Ed. 501; Lindley on Mines (3d Ed.) § 333; Brewster v. Shoemaker, 28 Colo. 176, 63 Pac. 309, 53 L. R. A. 793, 89 Am. St. Rep. 188.

But in the present case we have a special statute of Congress in regard to placer mining claims situate in the territory of Alaska, in terms declaring that no person shall hereafter locate any such claim as attorney for another unless he is duly authorized thereto by a power ,of attorney in writing, duly acknowledged and recorded in a pre-scribed ' office, and expressly declaring that no placer mining claim shall hereafter be located in Alaska "except under the limitations" of said act, and that any such claim located in violation of the "act shall be null and void."

Whatever the reasons that caused Congress to prescribe conditions in regard to the location of such claims in Alaska essentially different from those applicable to other portions of the country, its language is, we think, perfectly clear and unmistakable and of course must be taken to mean what it says. This view renders it unnecessary to consider the ruling of the trial court admitting parol evidence of the contents of the power of attorney in question. In the recent case of Cloninger v. Finlaison, 230 Fed. 98, 144 C. C. A. 396, decided by this court February 7, 1916, after holding that the notice of location of the mining claim there in controversy was fatally defective, it was in the opinion said:

"We think, also, that the judgment of nonsuit is sustainable on the ground that the plaintiff failed to show that the power of attorney from the defendant · to Taylor was not recorded. We are of the opinion that the location of a mining claim in Alaska under a power of attorney is valid, if the power of attorney is duly recorded at any time before adverse rights accrue, or location is attempted to be made of the same ground by another."

No mention of the act of August 1, 1912, was there made, and it is manifest that that clause of the opinion was unnecessary to the de- . cision of the case. For the reasons above given, we think that what was thus unnecessarily said upon the subject was erroneous.

The judgment is reversed, and the cause remanded to the court be-low for a new trial.

GILBERT, Circuit Judge (dissenting). The substance of the act of Congress of August 1, 1912, is that no one shall locate a placer mining claim in Alaska as attorney for another "unless he is duly authorized thereto by a power of attorney in writing, duly acknowl-edged and recorded." The question here is whether that statute was complied with. I contend that it was. The opinion of the majority of the court contains the erroneous statement that the fact is conceded that the location made by Gates as attorney in fact for the defendant in error "was made prior to the recordation of the power of attor-ney." I find no such concession in the record. On the contrary, the court below held, and the defendant in error contends, that the power of attorney was recorded before the location was made. It is true that the discovery was made, and the boundaries were marked be-fore the power of attorney was filed for record, but those acts are but two of the acts requisite to make a location. To locate a placer claim in Alaska, three acts are necessary: Discovery, marking the claim, and recording the location certificate. The courts have uni-formly held that the order in which these acts are done is unimport-

ant, provided that they are all done before intervening rights of third persons attach. In Mining Co. v. Tunnel Co., 196 U. S. 337, 25 Sup. Ct. 266, 49 L. Ed. 501, the court affirmed that doctrine, and held, in construing the words of section 2320, R. S. (Comp. St. 1913, § 4615), "no location of a mining claim shall be made until the discovery of the vein or lode within the limits of the claim located," that it is not required that discovery must be made before marking the boundaries, or that no location shall be considered complete until discovery, but that the statute means nothing more than that the fact of discovery shall exist before the vesting of the right of exclusive possession which attends a valid location. In 1 Lindley on Mines (2d Ed.) § 330, it is said:

"The order in which the several acts required by law are to be performed is nonessential, in the absence of intervening rights."

In Redden v. Harlan, 2 Alaska, 402, the court said:

"The marking of the boundaries may precede the discovery and recording, or the recording may be first, and if all three are performed, though not within the time fixed by law or the rules and regulations, before other rights intervene or attach to the land, it is sufficient and the claim will be valid."

The location of the claim in the present case was not complete until the last step was taken, the filing of the location certificate. At the time when that certificate was filed the power of attorney, duly executed and acknowledged, was also filed for record. It is well settled that to file an instrument for record is to record it under statutes requiring recordation of instruments. Farabee v. McKerrihan, 172 Pa. 234, 33 Atl. 583, 51 Am. St. Rep. 734; Shebel v. Bryden, 114 Pa. 147, 6 Atl. 905; Wagon Co. v. Hutton, 53 W. Va. 154, 44 S. E. 135; Eufaula Nat. Bank v. Pruett, 128 Ala. 470, 30 South. 731; Fairbanks v. Davis, 50 Vt. 251. In 34 Cyc. 588, it is said:

"An instrument is ordinarily deemed to be recorded when its holder leaves it with the proper officer for the purpose of being recorded, even though it is not then actually recorded."

The power of attorney and the certificate of location were therefore recorded on the same date. There are two reasons why we may assume that the former was filed and recorded before the latter. One is that the law will presume that, of the two instruments filed at the same time, that was first recorded which the statue required first to be recorded. Another is that there is no evidence that the power of attorney was not recorded first. "Every reasonable doubt will be resolved in favor of the validity of the mining claim as against the assertion of a forfeiture." 27 Cyc. 600. In a case similar to this Judge Hawley for this court said:

"The word 'forfeiture' is not used in the statute, although it is a comprehensive word to express results which flow from a failure to comply with the law." McCulloch v. Murphy (C. C.) 125 Fed. 147.

In that case this court held that the burden of proof to establish forfeiture rests upon him who asserts it. And so in the present case, the burden of proof rests upon the plaintiff in error to show that

the power of attorney was not recorded before the certificate of location.

The agent of the defendant in error started out to prospect for a placer claim, having in his possession a power of attorney duly executed and acknowledged, intending, no doubt, to record the power of attorney in case he made a discovery which justified a location for his principal. When he had made that discovery and marked the claim, he placed the power of attorney and the location certificate in the hands of the recorder for record. No rights of others intervened until some weeks thereafter, when the plaintiff in error attempted to locate the same land. An earlier record of the power of attorney would have been an idle act. It could have served no useful purpose. The act of Congress does not say that the power of attorney must be recorded before the initiation of any of the acts of location. It is a harsh and narrow construction that gives to the act that meaning, and it is a construction which is contrary to the liberal teaching of Mining Co. v. Tunnel Co., supra, and numerous other decisions.