**J. E. RILEY INV. CO. et al. v. SAKOW.**
**No. 8701.**

Circuit Court of Appeals, Ninth Circuit.
July 5, 1938.

dredging gold from plaintiff's "Good Hope" placer mining claim on Otter Creek, a tributary of the Iditarod River, Alaska.

Defendants' answer denied plaintiff's allegation that he- owned the Good Hope claim; that defendants had trespassed on it, and that they had dredged the gold therefrom. The answer also alleged as an "affirmative defense" that Riley Investment Company was lessee from Sheppard of two placer claims, "Blue Bird" and "North Star", prior in location to plaintiff, portions of which plaintiff had attempted to appropriate by his subsequent Good Hope location, and that the dredged gold was on the Blue Bird.

Defendants introduced Sheppard's recordation of the Blue Bird claim location and testimony and a map from which the jury could have inferred that the gold was dredged from within the Blue Bird's boundaries. Since there was evidence that the defendants were not mere trespassers without colorable claim of right, plaintiff was required to prove his title as a prerequisite to the ejectment.

The defendants claim error in instructing the jury that:

"You are further instructed:

"(b) That you need not consider whether or not plaintiff's certificate of location complies with the law as hereinbefore stated, for the reason that the defendants are not claiming under any location subsequent to that alleged by the plaintiff." (Tr. p. 210.)

The instruction is erroneous since defendants' *prior* location, if good, defeats plaintiff's claim. It is prejudicial error unless it clearly appears that plaintiff's location was unquestionably valid and defendants' equally invalid.

Plaintiff's certificate of location reads:

"*Ocotmber* 27, 1930, Notice of Location. Notice is hereby given that I the undersigned here by locate and Claim 20. (Twenty) *across* of ground for placer mining purposes described as follow * * * to wit*h* being

"from this Initial stake 1320 feet down stream to post no. 2. thence 660 feet cross the creek to post No. 3. thence 1320 feet up stream to post no. 4. thence 660 feet back to this Ini*n*tial Stake

"this Claim is situated on righ * * * limit of Otter Creek a Tributary of Iditarod River Otter recording precinct

Charles E. Taylor, Julien A. Hurley, and John L. McGinn, all of Fairbanks, Alaska, and J. Joseph Sullivan, of San Francisco, Cal. for appellants.

Cecil H. Clegg, of Fairbanks, Alaska, and Herman Weinberger, of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

Appellants, defendants below, and hereafter so named, appeal from a judgment in ejectment against them, the jury also awarding damages to appellee, plaintiff below, hereafter so named, for trespass in

fourth division Territory of Alaska to be known as Good Hoppe Claim Walter Sakow Locator by Walter Sakow [Signed.] "Vittniss Peter Miscovich [Signed.] "Gold discovered Oct 27. 1930".

And on the back of which is as follows: "No. 14009. Notice of Location, Good Hope Claim, Located on the. Right Limit of Otter Creek, Walter Sakow."

The statutes require that the recorded certificate of location shall locate the claim with reference to "some natural object, permanent monument, or well known mining claim". 30 U.S.C.A. § 28, p. 151; Ch. 10, §§ 2, 9, Session Laws, Alaska, 1915, p. 11.

Otter Creek is 8 or 9 miles long and a mere statement that the claim is on its "right limit", that is its right hand side facing down stream, does not identify it. Cloninger v. Finlaison, 9 Cir., 230 F. 98, 100.

The "stake" and "posts" referred to in the claim may or may not be permanent monuments and it was for the jury to determine their permanency from the evidence produced. Clearly, it was prejudicial error to instruct the jury that "you need not consider whether or not plaintiff's certificate of location complies with the law".

Defendants' claim that Sheppard's location was on unappropriated public land, is an admission that the land in controversy was public land of the United States subject to appropriation at the time of Sheppard's claimed location. Hence it is an admission that plaintiff's claim is on such unappropriated land unless a prior claim, defendants' or another's, was valid and subsisting at the time of plaintiff's location. Since there is evidence from which the jury could infer that plaintiff's claim is a valid location, he has established a prima facie case and the burden is on the defendants to disprove it, either by further evidence of plaintiff's deficiency of location or recordation, or by establishing an affirmative defense of a prior location, Sheppard's or another's, which was valid and in effect at the time of the Good Hope location. Moodey v. Dale Consol. Mines, 9 Cir., 81 F.2d 794, 795.

There is no merit in the defendants' claim that because the survey of the Good Hope location shows that the stakes, testified to be those of the original location and certificate, are a lesser number of feet apart than the footage of the certificate of location they do not satisfy the requirement of the statute that the notice show the length and width of the claim.

We hold that, otherwise than in the absence of a description of one of the stakes as a permanent monument, which may be shown at the trial, the plaintiff's certificate of location is valid in form and content.

Defendants contend that they should have had an instructed verdict in their favor on the ground that they had conclusively established Sheppard's title to his prior located claim. There was no error in denying the motion for such a verdict, because plaintiff contended, inter alia, that the claimed locator of the Blue Bird had not located it, and offered evidence from which the jury could have inferred that it was located by another, who had done no more than stake it.

Defendant Sheppard's certificates of both the Blue Bird and North Star locations gave as the natural object required by the statute, a mining claim known as the K. P. M. Association claim. On the disputed question of the sufficiency of the recorded certificate in this regard, defendants requested instruction concerning each claim of which that for the Blue Bird presents the assigned error.

"You are instructed that a description in the notice of location of the Blue Bird claim, claimed by H. P. Sheppard, defendant in this action, being defendants' Exhibit No.——, is sufficient under Section 2324 of the Revised Statutes of the United States and the laws of the Territory of Alaska, which describes the said claim as being located adjoining the Northerly boundary or line of the K. P. M. Association claim on Otter creek; such K. P. M. Association will be presumed to be a natural object or permanent monument within the meaning of the statute until the contrary appears, where the Blue Bird claim is further described by the length of its boundary lines and stakes at the corners."

The requested instruction requires the jury to find that a "notice of location" was valid because the reference to the K. P. M. Association claim was a sufficient reference to a natural object or permanent monument. No such description is required in the notice of location, but is required in the certificate of location. Laws of Alaska, 1915, c. 10, §§ 1, 2. Since there was no controversy with respect to the

sufficiency of the notice of location of the Sheppard claim, the instruction was properly refused.

Even assuming that "notice of location" in the requested instruction be read to mean "certificate of location", the instruction was nevertheless properly refused. Defendants cite our decision in Smith v. Cascaden, 9 Cir., 148 F. 792, 794: "Cleary creek is a natural object; and there is no evidence tending to show that the Discovery claim referred to in the above notice was not a well-known and clearly defined mining claim on Cleary creek, and, in the absence of evidence showing that it was not, it must be presumed that the same was a well-known claim, with definite boundaries, and therefore a natural object or permanent monument, within the meaning of section 2324 of the Revised Statutes [30 U.S.C.A. § 28]. Hammer v. Garfield Mining Co., 130 U.S. 291, 9 S.Ct. 548, 32 L.Ed. 964."

 The presumption that K.P.M. Association claim is a natural object or permanent monument arises in the "absence of evidence". Here there was evidence from which the jury could have inferred that the K.P.M. Association claim was not a well known claim with definite boundaries. There was no error in refusing the instruction.

Defendants claim error in an instruction to the jury relative to the location of the Blue Bird and North Star claims: "In this case no power of attorney[1] to locate placer mining claims in Alaska has been shown to exist from H. P. Sheppard in favor of Angus McClellan. Therefore, if you believe from the evidence by a preponderance thereof that the defendant H. P. Sheppard did not stake the said North Star and Blue Bird placer mining claims, but that the said Angus McClellan did stake the said North Star and Blue Bird placer mining claims and did stake them out of the presence of said H. P. Sheppard, then such staking would be void and would not segregate the ground therein contained from the public domain, but the same would remain open for location."

This instruction should be considered in connection with the following, also given to the jury: "You are instructed that the law does not require a locator to use his own hands in driving stakes constituting the corner posts of a claim being located, but that the driving of such stakes by someone else in the presence of the locator and under his direction and for him, the locator, and in his name, would, in contemplation of the law, be the act of the locator himself."

 Plaintiff's reply raised the issue that Sheppard had not located either the Blue Bird or the North Star claims and there is evidence from which it could be inferred that they were located by McClellan out of the presence of Sheppard and no evidence of a power of attorney from the latter to the former. The instruction excepted to is within the issue raised and proper. On a retrial, however, on similar evidence, the court should instruct the jury that, without a power of attorney, a claim, to be valid, must be "located" by the claimant personally or in his immediate presence, rather than instructing them, as in this case, that the stakes must be driven in the immediate presence of the locator, if not by him personally. The term "located" is sufficiently specific, whereas the reference to driving stakes might confuse or mislead the jury. There is no warrant for the requirement that every stake must be driven in the immediate presence of the claimant if, as a whole, the claim was located in his presence and by his direction.

Error is assigned to the court's instruction that:

"9.

"You are instructed that, if you believe from a preponderance of the evidence introduced in this case:

"(a) That the ground in controversy herein, was open unappropriated public mineral land of the United States in the month of October, 1930, (and the same would be open, unappropriated public land of the United States, unless the said North Star and Blue Bird placer mining claims had been validly located and included the ground included in plaintiff's alleged Good Hope placer mining claim and were kept alive by the doing of proper assessment annual labor) ;

"(b) That the plaintiff, Walter Sakow,

---

[1] "Section 6 * * * and no person shall be authorized to act as agent or attorney for the location of placer mining claims except under written power of attorney duly executed and acknowledged * * *." Ch. 10, Laws of Alaska, 1915, p. 14.

in said month made a valid location of said Good Hope, or Good Hoppe, placer mining claim as defined in these instructions, then your verdict should be in favor of the plaintiff and you should proceed to assess plaintiff's damages under the instruction hereinafter set forth.

"If, on the other hand, the evidence as to either of the above mentioned matters should be in favor of the defendants, or should be evenly divided, you should not decide this case in favor of plaintiff."

 The instruction was improper in that it presented to the jury only the issue as to whether the entire Good Hope claim was included within the claimed prior Blue Bird and North Star locations. It did not take account of partial overlapping. A partial overlapping of a prior location, valid at the time of the Good Hope location, would invalidate the Good Hope to the extent of the overlap.

Subject to this correction the instruction was warranted by the evidence and was free from ambiguity and confusion. Defendants' real objection appears in their contention that the court erred in refusing an instruction: "You are instructed that before the plaintiff can recover in this action, he must prove by a preponderance of the evidence that the ground in controversy, described as the Good Hope Mining Claim, was on the 27th day of October, 1930, unappropriated public land of the United States and was then open to exploration and to location of a mining claim thereon. Or he must otherwise prove by a preponderance of the evidence that such public domain had theretofore been claimed and located as a mining claim by other parties and that such location had become forfeited or had been abandoned by said previous locators, prior to the 27th day of October, 1930."

 There is no obligation on plaintiff to "prove by a preponderance of the evidence" that "the public domain had theretofore been claimed and located as a mining claim by other parties", etc. The burden was on the defendants to show such prior location, once there was evidence of plaintiff's subsequent location prima facie establishing his title.

 There is no error in refusing to instruct: "* * * that a title to a mining claim cannot be initiated by an entry upon a prior, valid, existing location, and that a subsequent ' location of ground upon which there is a prior, valid and existing location is wholly void for the purpose of finding any right or claim to the ground. And if you find that the time the plaintiff, Walter Sakow, staked the Good Hope Placer Mining Claim, that the ground covered thereby was already covered and appropriated by the defendant, Harry P. Sheppard, *or by any other person*, then your verdict must be for the defendant." (Italics supplied.)

Instruction 9 sufficiently stated the law on this portion of the case. Also the requested instruction referring to a location "by any other person" is not warranted by the issues as framed. There was testimony that McClellan located the claim on the ground, but none of a recordation in his name. The jury may have been improperly led to believe that they could have found McClellan as the "other person" whose location appropriated the public domain before plaintiff Sakow made his location.

A new trial should be had and the judgment is reversed.

WILBUR, Circuit Judge (concurring).

I concur in the views expressed by the main opinion, with one exception. In my opinion the objections to the instructions given by the court were not sufficiently definite to justify a reversal and I therefore place my concurrence in the judgment for reversal upon the ground that the instruction referred to in the main opinion concerning the validity of the notice of location of the Blue Bird should have been given, and it was error to refuse the instruction. In view of the fact that it does not change the result I feel it is unnecessary to elaborate my views.