## J. E. RILEY INV. CO. et al. v. SAKOW.
### No. 9237.

Circuit Court of Appeals, Ninth Circuit.
March 14, 1940.

Rehearing Denied May 3, 1940.

J. Joseph Sullivan, of San Francisco, Cal., and Julien A. Hurley, Charles E. Taylor, and John L. McGinn, all of Fairbanks, Alaska, for appellants.

Cecil H. Clegg, of Fairbanks, Alaska, and Herman Weinberger, of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from a judgment of the District Court for the Territory of Alaska in favor of appellee (plaintiff) in a suit in ejectment and for damages. The verdict and judgment ran against appellants jointly.

The property involved is the Good Hope placer claim, alleged to have been located by appellee in 1930. The amended complaint sets up the title of appellee, subject to paramount title in the United States, and alleges that the defendants (appellants) unlawfully and in bad faith entered upon the claim and extracted gold therefrom. Appellants filed a joint answer denying generally the averments of the complaint and alleging as an affirmative defense for all of them that the portion of the Good Hope placer from which the values were extracted was included within the boundaries of the North Star and Bluebird claims, allegedly located by appellant Sheppard prior to the location of the Good Hope and held under lease from Sheppard by appellant Riley Investment Company.

Appellant Donnelley was the superintendent of the Investment Company and the operator of its dredge. Appellant Sheppard was vice-president, secretary, and a director of that company, and was a business associate of Donnelley at the town of Flat, located a short distance from the scene of the operations. The proof tended to show that in September, 1934 appellee found the Investment Company's dredge working on the Good Hope and immediately protested to Donnelley and Sheppard. Thereafter he posted trespass notices on his claim. The dredging operations, however, continued until the freeze-up in November, 1934, by which time some $45,000 in placer gold had been extracted from the Good Hope.

Motions for a nonsuit and for a directed verdict were made on behalf of appellants Donnelley and Sheppard on the ground that neither was in the actual possession of the property. The motions were denied and the rulings are assigned as error. During the progress of the trial Donnelley and Sheppard unsuccessfully sought leave to file separate answers, the former for the purpose of disclaiming any right or interest, and the latter for the purpose of denying possession in himself.

The claimed error in these respects is predicated on the territorial statute, § 3761 Compiled Laws of Alaska 1933, requiring that actions to recover possession of real property "shall be commenced against the persons in the actual possession of the property".[1] It is argued that the Investment Company was shown to have been in exclusive actual possession under a written lease from Sheppard, hence neither Sheppard nor Donnelley was a proper party defendant. The argument necessitates some further inquiry into the condition of the record.

The precise whereabouts of the Bluebird and North Star claims which Sheppard was said to have located were not conclusively established.[2] The jury may well have believed that, as originally staked on the ground, there was no conflict or overlapping between either of these claims and the Good Hope. There was evidence that as early as 1932 and 1933 Donnelley was familiar with the Good Hope claim, and that appellee had sampled it at Donnelley's suggestion with the view of its possible acquisition or lease by the Investment Company. Donnelley at that time made no claim that the ground was covered by Sheppard's locations, notwithstanding the latter were said to have been then under lease to his company.

In connection with the subsequent invasion of the Good Hope, there are circumstances warranting the belief that there was a concert of action among all three appellants. Sheppard, under his own version of the matter, had a royalty interest in the recovery, and there is some evidence that

[1] The statute provides that any person with a legal estate in real property and a present right of possession "may recover such possession with damages for withholding the same", etc.

[2] Some of the proof tended to show, also, that these locations were invalid.

Donnelley represented him at the cleanups. The gold extracted from the Good Hope was taken by Donnelley and placed in his bank at Flat. It is inferable that Donnelley, who was the chief actor, was agent not alone for the Investment Company but for Sheppard as well. In this posture of the evidence it was not error to refuse to instruct a verdict for the individual defendants. 63 C.J. 936.

■■ In denying the motion for leave to file separate answers during the progress of the trial, the court called attention to the fact that the case had been at issue for some years and had previously been three times tried. Also, that the individuals had defended jointly with the corporation throughout the course of the litigation and had sought to justify on the basis of the claimed locations of Sheppard. The court concluded that it was too late for appellants to do otherwise than "stand or fall" on their joint defense. The application for leave to plead separately was addressed to the sound discretion of the trial court, and under the circumstances we find no reversible error in the denial of the application.

There was a motion for a directed verdict in favor of all the defendants, bottomed on the asserted invalidity of the certificate of location of the Good Hope. The denial of the motion is assigned as error. The argument in this respect is that the certificate failed to describe the claim with reference to some natural object or permanent monument, as required by the territorial statute. Ch. 10, Session Laws Alaska 1915.

The case was heretofore before this court on an appeal from an earlier judgment, 9 Cir., 98 F.2d 8. The certificate is set out verbatim in our opinion on that appeal. The claim is described as being situate on the right limit of Otter Creek, a tributary of the Iditarod River, Otter Recording Precinct. This as the evidence shows is a featureless locality. There was testimony that the initial stake of the Good Hope measured about six by eight inches from top to bottom and had been blazed on four sides. It was four or five feet in height above the surface and was firmly embedded in the ground, so firmly that it had remained in place from the inception of the location to the time of the trial in 1938. The same is true of post No. 2. Both posts were plainly visible from the valley of the creek and each bore appropriate markings.

■■ The jury were instructed that a post or stake may be a permanent monument sufficient to satisfy the legal requirement as to identification, provided it is of a substance fairly permanent, is firmly planted in the ground, and can be readily seen and identified by a person honestly seeking to find the claim. The court left for the determination of the jury the question whether any of the stakes mentioned in the location certificate of the Good Hope constituted a permanent monument. This was proper, and the instructions given on the subject were correct. Hammer v. Garfield M. & M. Co., 130 U.S. 291, 9 S.Ct. 548, 32 L.Ed. 964; Bismark Mountain Mining Co. v. North Sunbeam Co., 14 Idaho 516, 95 P. 14; Credo Mining Co. v. Highland M. & M. Co., C.C., 95 F 911; Jupiter M. Co. v. Bodie Consol. M. Co., C.C., 11 F. 666.

■■ Error is predicated on the overruling of objections to testimony of appellee concerning the conduct and declarations of Donnelley while negotiating with him for prospecting and leasing the Good Hope claim. The argument is that the testimony was in derogation of Sheppard's title and was inadmissible as against Sheppard. This may be conceded for the purpose of deciding the point. The question of title was not the sole issue, however. Also involved was the question of bad faith. The jury were at liberty to find against one or more of the defendants on this issue and to absolve the others of an intentional trespass. They were so charged by the court. On the issue of mala fides the testimony was clearly admissible as against both Donnelley and the Investment Company. There was no request for an instruction limiting the evidence to its appropriate purpose, and the point must be deemed waived. § 3591, sub. 5, Compiled Laws of Alaska 1933; Wigmore on Evidence, 2d Ed., § 13, pp. 159, 160.

These were the principal questions urged in briefs and oral argument. Other errors were assigned, but we find none warranting a reversal.

Affirmed.