## UNITED STATES SMELTING REFINING & MINING CO. v. LOWE.

Civ. No. 5493.

District Court, Alaska.

Fourth Div., Fairbanks.

Aug. 22, 1946.

898

Southall R. Pfund and Charles J. Clasby, both of Fairbanks, Alaska, for plaintiff.

Emma Grace Lowe, of Fairbanks, Alaska, in pro. per.

PRATT, District Judge.

This is an action to quiet title to the Snow Shoe Fraction on Fish Creek, Fairbanks Recording District, Division aforesaid. Plaintiff claims under a predecessor in interest who located the Fraction upon the 15th day of March, 1908. The defendant claims under a location of the ground in 1941. She attacks plaintiff's complaint as not stating a cause of action on the ground that the location certificate filed in 1908 by the locator of the Snow Shoe Fraction was void, because it did not describe the claim by a reference to some natural object or permanent monument as would identify the claim.

The defendant assumes that there was a law in force at the time of the location of the said Snow Shoe Fraction which required a location certificate to be recorded by the locator and which forfeited his right to the ground located, unless such location certificate was recorded.

In 1908 section 2324, Revised Statutes of the United States, 30 U.S.C.A. § 28, a general mining law, was in force in Alaska with reference to the location of placer mining claims such as the Snow Shoe Fraction.

 Long ago it was established that the general laws of the United States did not in themselves require that a location certificate should be recorded. 40 C.J. 802; Sturtevant v. Vogel, 9 Cir., 167 F. 448;

Sutherland v. Purdy, 9 Cir., 1916, from Alaska, 234 F. 600, 601.

The act of congress of June 6, 1900, 31 Stat. 327, 48 U.S.C.A. § 382, provided that certain instruments should be recorded by the recorders in Alaska and included the following: "Notices of location of mining claims shall be filed for record within ninety days from the date of the discovery of the claim described in the notice * * *." Section 2925, Compiled Laws of Alaska 1933, erroneously dropped out the above quoted portion of said act of June 6, 1900.

In the case of Sturtevant v. Vogel, supra, 9 Cir., 1909, from Alaska, defendants located their claim in 1903, but recorded a location certificate therefor which did not describe the claim with reference to natural objects or permanent monuments so as to identify it. In 1904, the plaintiff relocated the same ground and filed a sufficient location certificate. The plaintiff contended that a failure to file a sufficient location certificate by the defendants worked a forfeiture of their location. The Circuit Court of Appeals held that neither the general laws of the United States nor the laws of the Territory of Alaska required the filing of a location certificate and that therefore the defendants' prior location prevailed.

In Dripps v. Allison's Mines Co. et al., 1919, 45 Cal.App. 95, 187 P. 448, 452, it was held: "That plaintiff's failure to record his notice within the time prescribed by the Code did not work a forfeiture of his claim, there being no such penalty affixed by the statute, is settled by the decisions of the Supreme Court of this and other states, as well as by the decisions of the federal courts." To the same effect is Butte & Superior Copper Co. v. Clark-Montana Realty Co. et al., 9 Cir., 248 P. 609-612.

It was not until the first Legislature of the Territory of Alaska met in 1913 that Alaska had laws requiring the recording of the location certificate. Such law and those superseding it were not retroactive and did not control locations made in 1908.

Consequently, although it was permissible to file location certificates in 1908, they were not then required, and it becomes im-

material whether or not the location certificate in question in this case was a sufficient one.

The demurrer to plaintiff's complaint should, therefore, be overruled.