**GEORGE et al. v. LYONS et al.**
No. A–7156.

District Court, Alaska
Third Division, Anchorage.
March 18, 1953.

712

William W. Renfrew (of Davis, Renfrew & Hughes), Anchorage, Alaska, for plaintiffs.

Roger Cremo, Anchorage, Alaska, for defendants.

FOLTA, District Judge.

By this action the plaintiffs seek to recover the possession of two lode mining claims named the Billion Dollar and Gold Nugget and pray for an accounting for all minerals extracted therefrom, for damages and injunctive relief. The defenses are abandonment and forfeiture, with counterclaims for gold allegedly recovered and for compensatory and punitive damages for an assault allegedly made by the plaintiff Gus George, since deceased, upon one of the individual defendants. The plaintiffs relied principally on 30 U.S.C.A. § 38 which provides that:

> "Where such person or association, they and their grantors, have held and worked their claims for a period equal to the time prescribed by the statute of limitations for mining claims of the State or Territory where the same may be situated, evidence of such possession and working of the claims for such period shall be sufficient to establish a right to a patent thereto under sections 21–24, 26–30, 33–48, 50–52, 71–76 of this title, in the absence of any adverse claim".

But the Court held that this statute is limited to proceedings for patent and actions in aid of or connected with such proceedings.

The Billion Dollar and Gold Nugget claims were located by plaintiffs' grantors on July 1, 1934, and July 20, 1935, respectively. Although timely recorded, the certificates are merely copies of the location notices and contain no reference to natural objects or permanent monuments. On October 31, 1941, both claims were conveyed to the plaintiffs and one Brooks, who subsequently conveyed his interest to the plaintiffs.

Billion, one of the original locators, although available, was not produced and, hence, there was no proof of discovery or the performance of assessment work by the plaintiffs' grantors while they owned the claims. Since the failure to do such work

resulted in absolute forfeiture under the Waskey Act of March 2, 1907, 48 U.S.C.A. § 384, which was in effect until the passage of the Act of May 31, 1938, 48 U.S.C.A. § 381, such proof was essential to the establishment of title in the plaintiffs.

Assessment work was done for 1942, and for the years 1943 and 1949 there was full compliance with the several acts of Congress suspending the requirement of assessment work. Under the act of Congress of June 29, 1950, 64 Stat. 275, 38 U.S.C.A. § 28a note, the time for doing the assessment work for the period July 1, 1949 to June 30, 1950 was extended to October 1, 1950. Whether such work had been done for the period was hotly contested.

On July 17, 1949, the defendants made a location over the Billion Dollar, and on July 26, 1950 over the Gold Nugget. The plaintiff contends that since the statute referred to extended the time for doing the assessment work for 1949 until October 1, 1950, the claims were not in any event open to location at the time that the defendants located the Golden Anchor and Last Straw Lode Claims over the plaintiffs' claims. On July 20, 1951, the plaintiff made a relocation of the Billion Dollar and Gold Nugget claims.

The case was tried before the Court. Having reached the conclusion, under Cole v. Ralph, 252 U.S. 286, 40 S.Ct. 321, 64 L.Ed. 567, that 30 U.S.C.A. § 38, upon which plaintiffs' whole case was based, was not applicable to an action of this kind and that under the doctrine of United States Smelting, Refining & Mining Co. v. Lowe, 338 U.S. 954, 70 S.Ct. 493, 94 L.Ed. 588; Id., 9 Cir., 176 F.2d 813; Id., 9 Cir., 175 F.2d 486, the plaintiff should be allowed an opportunity to submit proof of discovery and the performance of assessment work by their grantors and that the stakes or posts mentioned in the original certificates of location were permanent monuments within the rule laid down in Riley Investment Co. v. Sakow, 9 Cir., 98 F.2d 8; Id., 9 Cir., 110 F.2d 345; the Court made an order accordingly, and the testimony of Billion, one of the original locators, was taken pursuant to such order. Such as it was it was wholly insufficient to show discovery or the performance of assessment work for the period referred to, and hence there was a failure of proof as to title.

I am of the opinion, therefore, that the complaint should be dismissed.